[No. 21008. In Bank.—August 23, 1893.]

EX PARTE JAMES C. GOULD, ON HABEAS CORPUS.

VIOLATION OF INJUNCTION—CONTEMPT PROCEEDING—CRIMINAL PROSECUTION—COMPELLING DEFENDANT TO WITNESS—WRONGFUL IMPRISONMENT—HABEAS CORPUS.—A proceeding for contempt of court for the violation of an injunction in a civil cause is in the nature of a criminal prosecution, and the court is not authorized to compel the defendant to be sworn as a witness in such proceeding against himself, or to adjudge him guilty of contempt for refusal to be sworn as such, and punish him therefor, and a defendant so wrongfully held guilty, and imprisoned until he shall answer as such witness, should be discharged from imprisonment upon habeas corpus.

HEARING in the Supreme Court upon a writ of habeas corpus.

The facts are stated in the opinion of the court.

*C. W. Cross,* and *W. C. Van Fleet,* for Petitioner.

*R. E. Bevan, contra.*

HARRISON, J. — In an action pending in the superior court in and for the county of Yuba, wherein the county of Sacramento is plaintiff, and the petitioner one of the defendants, a writ of injunction was served upon the defendant, requiring him to refrain from doing certain acts therein specified.    While this writ was in full force the petitioner was charged before said court with having violated its terms, and was ordered to show cause why he should not be adjudged guilty of contempt therefor.    Upon the hearing of this charge, the court required the petitioner to be sworn as a witness, to which he objected upon the ground that he could not be compelled to be a witness against himself in the proceedings, for the reason that they were of a criminal nature.    The court, however, overruled his objection and required him to be sworn as a witness, and he, acting under the advice of his counsel, still declining and refusing to be sworn for the aforesaid reason, the court adjudged him guilty of contempt and committed him to the county jail, there to remain until he should purge himself of said contempt by consenting to be sworn as a witness in said case, and to testify therein.

Article I., section 13 of the constitution of this state, declares that: "No person shall be compelled, in any criminal case, to be a witness against himself."    Section 1323 of the Penal Code provides that "a defendant in a criminal action or proceeding cannot be compelled to be a witness against himself."

Contempt of court is a public offense, and by section 166 of the Penal Code is expressly declared to constitute a misdemeanor, and the refusal of a witness to be sworn is an offense committed in the presence of the court.    It is none the less a criminal offense that the statute authorizes it to be punished by indictment, or information, as well as by the summary proceedings provided in sections 1209–1222 of the Code of Civil Procedure.    By these provisions, the procedure for the investigation of the charge is analogous to the criminal procedure, and the judgment against the person guilty of the offense is visited with fine, or imprisonment, or both — the essential elements of

a judgment for a criminal offense. "Contempt of court is a specific criminal offense. It is punished sometimes by indictment and sometimes in a summary proceeding, as it was in this case. In either mode of trial, the adjudication against an offender is a conviction, and the commitment in consequence is execution." (*William's Case*, 26 Pa. St. 19; 67 Am. Dec. 374.) "Although the alleged misconduct of the defendants occurred in the progress of a civil action, the proceeding to punish them for such misconduct is no part of the process in the civil action, but is in the nature of a criminal prosecution. Its purpose is not to indemnify the plaintiff for any damages he may have sustained by reason of such misconduct, but to vindicate the dignity and authority of the court. It is a special proceeding, criminal in character, in which the state is the real plaintiff or prosecutor." (*Haight* v. *Lucia*, 36 Wis. 360.) In *Ex parte Hollis*, 59 Cal. 408, it was said: "To adjudge a party guilty of contempt of court for which he is fined and imprisoned, is to adjudge him guilty of a specific criminal offense. The imposition of the fine is a judgment in a criminal case." (See also *Ex parte Kearny*, 7 Wheat. 38; *Ex parte Crittenden*, 62 Cal. 534; *New Orleans* v. *Steamship Co.*, 20 Wall. 387; *In re Mullee*, 7 Blatchf. 23; Rapalje on Contempts, sec. 21.) In *Boyd* v. *United States*, 116 U. S. 616, Justice Bradley has given an exhaustive and interesting historical discussion of the power of a court to compel a defendant in a criminal proceeding to give testimony against himself. In that case an information was filed against certain property for its confiscation under the revenue laws of the United States, and the claimants, having been directed by the court to produce in evidence certain invoices for the purpose of establishing the claim of the government, objected thereto on the ground that the statute under which the order was made was in violation of the fourth and fifth amendments to the constitution. It was held that, although the proceeding was *in rem* and in the nature of a civil proceeding, yet an action for the forfeiture of property for the violation of law is, in effect, a criminal proceeding, and that the owner of the goods, after making his claim, is entitled to all the privileges which appertain to a person who is prosecuted for a forfeiture of his property by reason of committing a criminal offense, and

cannot be compelled to furnish evidence against himself. Personal liberty is, however, more sacred than mere rights of property, and the reasons for protecting the owner of property against being compelled to give evidence against himself in a proceeding for its forfeiture are in the same degree more cogent when his personal liberty is at stake. It was said by Justice Bradley in the case last cited: "Constitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of courts to be watchful for the constitutional rights of the citizen and against any stealthy encroachments thereon. Their motto should be *obsta principiis*."

We hold, therefore, that the court was not authorized to direct the petitioner to be sworn as a witness in the proceeding, and that its order adjudging him guilty of contempt for his refusal and punishing him therefor was without authority, and that the petitioner should be discharged, and it is so ordered.

DE HAVEN, J., MCFARLAND, J., and FITZGERALD, J., concurred.