[Crim. No. 6791.   Second Dist., Div. One.   Oct. 19, 1959.]

In re RALPH G. LEAVITT, on Habeas Corpus.

536

Brock, Fleishman & Rykoff for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, for Respondent.

McGrew Willis for Real Party in Interest.

SHEA, J., pro tem.*—Petition for writ of habeas corpus.
The petitioner is the defendant in a divorce action. He was ordered to pay alimony. He was in default and an execution was issued and was returned unsatisfied. Plaintiff-wife sought to enforce the order by supplementary proceedings.

*Assigned by Chairman of Judicial Council.

An order was issued requiring the defendant to appear for a judgment-debtor's examination on July 14, 1959.

An order to show cause in re contempt, previously issued, had been dismissed. A second one was issued and served upon the defendant on July 14, 1959, at the time that he appeared in court. The order to show cause in re contempt was set for hearing on August 19, 1959.

After some delay the judgment-debtor proceedings came on for hearing on July 16, 1959. The defendant was sworn and took the stand. The examination generally pertained to his financial status and the source and extent of his income.

The questions asked, which are material here, are as follows:

"Q. Do you pay your mother any rent where you reside?

"Q. Your counsel stated here that you had some working arrangement with your mother at the present time in connection with this business. What is that arrangement?

"Q. What are your present sources of income?

"Q. Are you deriving any income at the present time from Nursery Indeti-Foto?

"Q. Do you have any interest in any other businesses at the present time?

Counsel for the defendant interposed an objection to the first question and advised the witness not to answer questions pertaining to the possession of funds. The witness, thereafter, refused to answer each of the questions hereinabove listed and stated that his refusal was based upon the ground that the answers might tend to incriminate him. In each instance the court instructed the witness to answer the question. No answers were given by the witness. The court found him in contempt for refusal to answer.

The hearing was again continued and on July 20, 1959, the court committed the defendant to the custody of the sheriff and ordered him confined in the county jail until such time as he consented to answer the questions propounded.

This petition for writ of habeas corpus followed forthwith.

█ The Constitution gives to every witness the privilege against self-incrimination. This privilege applies in civil proceedings (*Fross* v. *Wotton*, 3 Cal.2d 384 [44 P.2d 350]). It is available in judgment-debtor proceedings (*Coleman* v. *Galvin*, 78 Cal.App.2d 313 [177 P.2d 606] [dictum]).

The question raised is whether or not the answers sought could tend to incriminate the defendant.

█ A witness cannot arbitrarily refuse to testify. There

must exist in fact a real danger that the answer would have a tendency to be incriminating. Insofar as possible the trial court must determine if such real danger exists. If the witness swears under oath that the answer might tend to incriminate him, he should be allowed great latitude and the court should sustain his claim of privilege unless it is clear that the answer could have no tendency to incriminate. (*In re Berman,* 105 Cal.App. 37 [287 P. 125] ; *Coleman* v. *Galvin, supra.*)

It must be borne in mind that the order to show cause *in re* contempt had been issued and served upon the defendant, and was set for hearing approximately three weeks after the examination in the judgment-debtor proceedings.

█ Contempt of court has long been recognized as a specific criminal offense. A party charged with contempt cannot be compelled to testify against himself in such proceedings. (*Ex parte Gould,* 99 Cal. 360 [33 P. 1112, 37 Am.St.Rep. 57, 21 L.R.A. 751].)

█ The ability of the defendant to pay the alimony as ordered by the court is one essential fact that would have to be proved in the contempt proceedings. (*Bailey* v. *Superior Court,* 215 Cal. 548 [11 P.2d 865] and *In re Michelena,* 150 Cal.App.2d 377 [309 P.2d 861].) The answers pertaining to the income and financial status of the defendant would be relevant on this issue and they would be admissible in the contempt proceedings. (Code Civ. Proc., § 1870 subd. 2.)

█ At the time that counsel for the defendant interposed his objection, and advised the defendant not to answer the first question hereinabove mentioned, he informed the trial court that any answers pertaining to the possession of funds by the defendant would be a possible incriminating factor in the contempt proceedings which were pending. Not only did the court have the witness's sworn statement that the answers would tend to incriminate but also the court's attention was directed to the very proceedings and the very manner in which it might be incriminating.

The answers to the questions asked of the defendant in this case clearly would have furnished ''a link in a chain of evidence'' necessary to make the defendant guilty of contempt. This is sufficient to entitle the defendant to invoke the privilege. (*Blau* v. *United States,* 340 U.S. 159 [71 S.Ct. 223, 95 L.Ed. 170].)

█ In her brief, the real party in interest asserts that the defendant waived his right to claim the privilege for the reason

that in the course of the examination of the defendant as to his finances he answered those questions which were favorable to him and declined to answer those which were unfavorable. Apparently it is her position that because the defendant answered some of the questions he was obliged to answer them all. To state the proposition is to answer it. The right to refuse to answer the incriminating question is the very essence of the privilege.

■ Counsel for the respondent demurs that the privilege against self-incrimination applies only where the answer may tend to incriminate the witness of a felony. In support thereof he cites section 2065 of the Code of Civil Procedure. He contends that since the only threatened criminal action against the witness is the contempt proceedings and that contempt is "at most a misdemeanor" the privilege does not apply.

As hereinabove pointed out contempt of court is a specific crime. For such contempt the defendant could be imprisoned until he complied with the court's order. (Code Civ. Proc., § 1219; *Ex parte Joutsen,* 154 Cal. 540 [98 P. 391].) Although this specific point is not discussed therein, *Ex parte Clarke,* 103 Cal. 352 [37 P. 230], is authority for allowing the privilege where the crime involved would be a misdemeanor.

The foregoing disposes of any other contentions made on this application.

We hold that the witness had a right to claim the privilege against self-incrimination under the circumstances here presented. The order adjudging him in contempt for his refusal to answer was in error. The petitioner is discharged.

Fourt, Acting P. J., and Lillie, J., concurred.