[Civ. No. 24764. Second Dist., Div. Two. July 22, 1960.]

NEWTON NUTTER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JACKLYN B. NUTTER, Real Party in Interest.

Floyd H. King for Petitioner.

No appearance for Respondent.

Hall & Kent for Real Party in Interest.

KINCAID, J. pro tem.*—Petition for writ of review and to annul an order dated May 24, 1960, holding petitioner in contempt and sentencing him to serve 15 days in jail with placement on probation for one year on condition that he serve five days in jail and to make child support payments thereafter accruing. An order to show cause thereupon issued and the respondent court was directed to refrain from enforcing said contempt order pending such review. The real party in interest has made her return to the petition herein by filing demurrer thereto.

 As there is no appeal from an order made in a contempt proceeding, it may be reviewed upon certiorari, if it is in excess of jurisdiction. (Code Civ. Proc., § 1222; *Taylor* v. *Superior Court,* 20 Cal.2d 244, 246 [125 P.2d 1]; *Phillips* v. *Superior Court,* 22 Cal.2d 256, 257 [137 P.2d 838].)

The contempt proceeding stems from a divorce action entitled "Jacklyn B. Nutter, Plaintiff, versus Newton Nutter, Defendant, [petitioner herein] Number LB D-56948." An interlocutory judgment of divorce was entered on March 4, 1957, under the provisions of which physical custody of the three minor children of the parties was awarded petitioner. Thereafter, by order to show cause and hearing regularly held on November 5, 1959, both parties being present, the court made its order modifying the custody and support provisions of the judgment in that custody of two of the children, Nancy Ann and Suzanne, was awarded to the mother and custody of Stephen to petitioner. The latter was ordered to pay the mother for support of said two children the sum of $12.50 per week or a total of $25 per week on each Saturday commencing November 7, 1959, and until further order of court.

On April 8, 1960, affidavit of the mother was filed and order to show cause was issued and served on petitioner to appear and show cause why he should not be held in contempt for wilfully disobeying the order heretofore made in his presence on November 5, 1959. The affidavits alleged that pursuant to such order $550 in weekly payments for support of the two children in the mother's custody had accrued; that

---

*Assigned by Chairman of Judicial Council.

74

petitioner had paid thereon only $75, was delinquent in the sum of $475 and he at all times had the ability to pay.

An affidavit of petitioner in opposition was thereupon filed in which the failure to make said payments was admitted and detailed facts were alleged by which petitioner contended that, during all said period, he was insolvent and was totally unable to pay any money for support of the children as provided by said court order.

At conclusion of the hearing and in the presence of petitioner the court made the following order: ''Defendant's motion to dismiss contempt citation is denied. Plaintiff is sworn and testifies. The report from the Court Trustee, on file herein, is considered in evidence. Defendant moves to dismiss the contempt citation on the grounds of lack of jurisdiction. Court permits plaintiff to re-open his OSC re contempt in chief, and plaintiff is called to the stand for further testimony. Plaintiff rests. Motion denied. Defendant is found guilty of contempt, in that he failed to make payment on account of child support falling due on Nov. 7, 1959, in accordance with the order of 11/5/59, in that he willfully failed to make payment, for which he is sentenced to 5 days in the County Jail. Defendant is found guilty of contempt, in that he willfully failed to make payment on account of child support falling due on 11/15/59, in accordance with the order of 11/5/59, in that he willfully failed to make payment, for which he is sentenced to 5 days in the County Jail. Defendant is found guilty of contempt, in that he failed to make payment on account of child support falling due on Nov. 21, 1959, in accordance with the order of 11/5/59, in that he willfully failed to make payment, for which he is sentenced to 5 days in the County Jail. Said sentences to run consecutively. Defendant is granted summary probation for 1 year on the following terms and conditions: (1) That he serve the 1st 5 days in the County Jail; (2) That he make child support payments hereafter accruing, pursuant to all orders made herein. Stay of execution is granted until 8:00 AM on June 4, 1960, at which time he is ordered to report to the County Jail in Los Angeles for the purpose of commencing sentence and he is released on his own recognizance until that time.''

While petitioner complains of several claimed deficiencies in the above contempt order only the following need here be considered.

It appears on the face of such order that, although the subject of the ability of petitioner to comply with the previous

order to make certain child support payments was directly placed in issue at the hearing by his affidavit, the contempt order contains no finding as to that subject. While finding that he "willfully failed to make" the payments set forth the order of commitment contains no finding that he has or at any time had the ability to pay.

The law is well established that it is not a contempt of court for a party to fail to pay a sum, however small, when it is not in his power so to do. ██ A mere recital that such party wilfully failed to pay or wilfully violated the judgment or order of the court is not equivalent of recital that it is within his power to comply with such judgment or order and hence is insufficient to show jurisdiction to imprison him for contempt. ██ A judgment of contempt must not only specify the act to be performed, it must also include a finding that such act is within the power of the contemner to perform. (*In re McCausland*, 130 Cal.App.2d 708, 709 [279 P.2d 820]; *In re Michelena*, 150 Cal.App.2d 377, 378 [309 P.2d 861]; *In re Leavitt*, 174 Cal.App.2d 535, 538 [345 P.2d 75]; *Bailey v. Superior Court*, 215 Cal. 548, 552 [11 P.2d 865]; *In re Scroggin*, 103 Cal.App.2d 281, 283 [229 P.2d 489].) ██ The order of commitment is therefore void.

The demurrer is overruled and the commitment order is annulled.

Fox, P. J., and Ashburn, J., concurred.