[Civ. No. 7462.   Fourth Dist.   Feb. 21, 1964.]

THOMAS T. CRITTENDEN, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; CYNTHIA H. CRITTENDEN, Real Party in Interest.

George B. Corn and Conrad Walker for Petitioner.

No appearance for Respondent.

Condra & Carter and Harvey H. Heber, Jr., for Real Party in Interest.

GRIFFIN, P. J.—On May 2, 1963, Mrs. Cynthia H. Crittenden filed a divorce action against her husband Thomas T. Crittenden. He filed an answer and cross-complaint. Apparently certain orders were made, which are not contained in the record before this court. These included an order that defendant support plaintiff wife in the sum of $150 per month and return a diamond engagement ring and produce certain papers and files.

We have gleaned certain details of the case from the petition and from the answer thereto.

Plaintiff obtained an order commanding defendant to show cause why he should not be punished for contempt for failure to comply with said order. The declaration supporting this order alleged that defendant had knowledge of such orders, was able to comply therewith because he was an attorney at law, and had additional income from property rentals; and that his failure to comply was willful and contumacious.

(This declaration is not in the record before this court.) Defendant personally appeared before the superior court on October 4, 1963, and filed a declaration denying the allegations of the plaintiff's declaration. (No copy of said declaration is in the record here.)

On October 4, the matter was heard. A reporter's transcript of this hearing is a part of the record here. At the outset of the hearing considerable argument ensued between counsel and the court. Apparently this discussion was not considered as evidence, but only as a résumé of past history of the case, because the trial court thereafter inquired, "Are we going to need to take some evidence to cover these various things?" All agreed that evidence was required. Counsel for Mrs. Crittenden then asked if Mr. Crittenden could be sworn. Defendant's counsel objected "At this time" and the court said, "... on the grounds that he might incriminate himself, or is he going to testify at all?" Mr. Crittenden said, "I don't expect to." The trial court then ruled that since defendant had filed a declaration denying the allegations of the declaration of Mrs. Crittenden, he had waived "his right to refuse to testify" and ordered him to testify. Defendant was sworn as plaintiff's witness. Objection was made by his counsel, who claimed that where the declarations have been filed, the burden was on the plaintiff wife to go forward with her case. Thereafter Mrs. Crittenden was sworn and examined and she testified that she had received no payments on the order for support money; that she received $23,000 from the sale of her home and $10,000 in cash which was turned over to Mr. Crittenden, and he spent over $6,000 to finish paying off an encumbrance on another home; that defendant bought plaintiff a mink stole for $750; that $200 went to the daughter for Christmas and $100 to the son; that materials were purchased to improve the back porch of the house in which they lived, and she "believed" there was about $2,000 left. Plaintiff testified that defendant had separate property and had been receiving $65 per month rental for the past two or three years; that defendant had received over $100 per month from a one-third interest in Fifth Avenue stores and certain dividend checks, in amounts unknown; that defendant was permitted to withdraw $800 from a bank account which was covered by a restraining order, and he was practicing law, but she did not know of his income therefrom. On cross-examination, plaintiff said that her attorney had ob-

tained $300 by virtue of a levy on defendant's checking account in San Francisco.

Thereafter, plaintiff again called defendant as her witness, under Code of Civil Procedure, section 2055. Objection was again made on the ground that his testimony might tend to incriminate him. (*In re Leavitt*, 174 Cal.App.2d 535 [345 P.2d 75].) The trial court held that since he had filed a general declaration under pain of penalty for perjury, he could not take advantage of this privilege unless he struck his declaration from the record and that defendant could elect his course. No election was made and defendant was ordered to testify. The trial judge remarked that he was satisfied that plaintiff had made a prima facie case.

Thereafter, defendant testified that he had just moved his law office and was repairing his new office; that he had a secretary in his practice of law; that he has been unable to meet the support payments due and past due primarily because of a restraining order obtained by plaintiff involving his property and bank account; that he lived in their house in La Mesa since the action was commenced; that he received only $65 or $85 per month as rental for the Kite Street property and less than $100 per month, less expenses, for certain joint tenancy interests; that he receives dividends from stock to the extent of about $1,000 to $1,100 per year; that he received less than $480 for attorney's fees for the past three months; that he pays $57.50 per month office rent and pays his secretary by the hour; that he had issued checks on his bank account and they were "bouncing around" because of an attachment of his account. Eventually this attachment was released, but most of the money was used to pay the checks which had been issued. About $200 of the money released by the court remained after these payments, but he paid none of this amount to his wife. He testified that it cost him about $100 per month for living expenses, $200 per month for office expense, plus gas and oil and insurance, and that he owed delinquent taxes exceeding $300. Plaintiff testified that she had thrown her engagement ring at defendant on the night she left. Defendant testified that she told him that she did not want the ring and that he could keep it or discard it if he so desired. He said that he found the ring and saved it, intending to return it to plaintiff. He said he last saw the ring when he placed it in an envelope on the dining room table at a party. The party was designed to effect a reconciliation between plaintiff and defendant. Defendant said that the envelope and the ring disappeared dur-

ing the party and that he has not seen them since. Plaintiff admitted being at the party but denied seeing the ring. Defendant also denied having certain books and papers alleged to belong to plaintiff wife.

The trial court found that he was in contempt for failure to pay $400 and ordered it paid forthwith, and accordingly he must deliver the books, files and the ring to plaintiff. A 10-day stay of execution was granted to *perfect the appeal.* ▮ There is no appeal from an order adjudging a party in contempt of court. (*Nutter* v. *Superior Court,* 183 Cal. App.2d 72 [6 Cal.Rptr. 404].)

Prior to this date, on July 17, 1963, Mr. Crittenden was before another judge on a motion to release a restraining order pertaining to certain funds and property standing in his name. An account in the amount of $800 was in one bank. The trial court allowed Mr. Crittenden to withdraw $500 from this account (later the amount was changed to $750) and no longer required him to deposit therein all money he made and received as income in the future in this account, on the theory that he was entitled to some funds for his own living expenses and ordinary expenses of his business, and the court stated that he could pay Mrs. Crittenden from said $750 the $150 he then owed her.

▮ In the petition for certiorari, the main contention is that the trial court erroneously allowed petitioner to be called to the stand under Code of Civil Procedure, section 2055; that its ruling that petitioner waived the privilege was erroneous; and that there was not sufficient evidence, without petitioner's testimony, to support the finding that petitioner was in contempt of court as to any of the specified acts. Accordingly, petitioner contends that the court had no jurisdiction to find him in contempt.

*In re Ferguson,* 123 Cal.App.2d 799 [268 P.2d 71], citing *Ex parte Gould,* 99 Cal. 360 [33 P.1112, 37 Am.St.Rep. 57, 21 L.R.A. 751], definitely holds that contempt of court is a criminal offense and under Penal Code, section 1323 and article I, section 13, Constitution of California, a defendant in a criminal action cannot be compelled to be a witness against himself, and in such a proceeding the court could not compel the petitioner to be sworn or to testify. It likewise held that merely because petitioner filed a verified answer to the affidavit for the order to show cause, denying its allegations, he did not waive his right to refuse to testify, and that the affidavit of the defendant constituted the answer or plea, as

106

in a criminal case. In *Killpatrick* v. *Superior Court*, 153 Cal. App.2d 146 [314 P.2d 164], where the trial court did not inform the defendants acting without counsel in a contempt proceeding of their right to refuse to testify, such failure was held to violate their privilege against self-incrimination, the court held: " 'When a defendant has been denied any essential element of a fair trial or due process, even the broad saving provisions of section 4½ of article VI of our state Constitution cannot remedy the vice and the judgment cannot stand.' "

The next question is the sufficiency of the showing by Mrs. Crittenden, independent of Mr. Crittenden's testimony, to support the court's order re contempt and the validity of the order of commitment. In the order re contempt, signed on October 8, 1963, the trial court specifically found defendant guilty of contempt for violation of the order entered by the court at the hearing on May 8, 1963, and signed on May 15, 1963; guilty of contempt for violation of order entered at the hearing on June 13, 1963 and signed on July 2, 1963, *nunc pro tunc* to June 13, 1963; and ordered that he be sentenced to the county jail for three days on each contempt, sentences to run concurrently. Execution of the sentence was stayed on condition he purge himself from his contempt by paying forthwith to plaintiff $400 for delinquent support payments and by delivering forthwith to plaintiff the diamond ring, files and records pertaining to plaintiff's real estate transaction in reference to the sale of her property at 4144 Randolph Street, as described in the order of July 2, 1963, *nunc pro tunc* to June 13, 1963, and a stay of sentence for 10 days for the purpose of appeal.

Since petitioner has not brought to this court a copy of the declarations filed by his wife or by himself, it is impossible to determine what other facts were produced upon which the trial court acted.

A petition for certiorari to review a contempt proceeding must be accompanied by a copy of the pleading and supporting affidavit or declaration as well as the order of contempt. (*Rose* v. *Superior Court*, 44 Cal.App.2d 599 [112 P.2d 713]; *Landtbom* v. *Board of Fire Comrs.*, 98 Cal.App. 629 [277 P. 369].)

The *return* must show all other facts necessary to establish the jurisdiction of the court and that a contempt was in fact committed. (10 Cal.Jur.2d § 78, p. 152; Code Civ. Proc., § 1075.)

In a constructive contempt proceeding, the issues of

fact are framed by the declarations of the parties. ■ The allegations in the moving party's declaration are deemed admitted if not denied in the defense declaration. (*In re Larrabee*, 29 Cal.App.2d 240 [84 P.2d 224].) ■ A hearing is required only upon the controverted issues. (*Freeman* v. *Superior Court*, 44 Cal.2d 533, 536 [282 P.2d 857].) Since we do not have the declarations before us, we cannot say whether petitioner's testimony was germaine to the issues and whether it was necessary to support the trial court's findings.

Assuming the correctness of the trial court's conclusion that Mrs. Crittenden did make a prima facie showing upon her testimony alone that petitioner was in contempt of court in his failure to pay her the awarded alimony, the only remaining question is the sufficiency of the signed order of commitment for contempt.

■ The trial court found petitioner guilty of contempt for violating an order signed on May 15, 1963. This order is not before us and does not sufficiently describe the contempt on its face. To the same effect is the finding in reference to the order of June 13, 1963. This order nowhere states or finds that defendant Mr. Crittenden had the present ability to perform. This is an essential element which must appear in the commitment. (*In re Cardella*, 47 Cal.App.2d 329 [117 P.2d 908]; *Ex parte Cohen*, 6 Cal. 318; Code Civ. Proc., § 1219.) A judgment for contempt must not only specify the act to be performed, but it must also include a finding that such act is within the power of the contemnor to perform. (*Nutter* v. *Superior Court, supra*, 183 Cal.App.2d 72.)

The next question is: Can the order of commitment refer to some order or orders not set forth in detail in the commitment, but only referred to as an order entered in a certain court on a specified day? These orders were not made a part of the record being reviewed. We are convinced that the showing made is not sufficient and the order of commitment for comtempt shows lack of jurisdiction. ■ The facts showing contempt must appear upon the face of the order. (*Overend* v. *Superior Court*, 131 Cal. 280 [63 P. 372]; *Myers* v. *Superior Court*, 46 Cal.App. 206 [189 P.109].)

It has been held that: " 'A proceeding to punish a defendant for contempt is in its nature a criminal proceeding, and the charge and finding thereon, and the judgment of the court, are to be strictly construed in favor of the defendant.' " (*Myers* v. *Superior Court, supra*, 46 Cal.App. 206.)

See also *Schwarz* v. *Superior Court*, 111 Cal. 106 [43 P.580]; *Bennett* v. *Superior Court*, 73 Cal.App.2d 203 [166 P.2d 318].

Furthermore, the description in the commitment order of the papers and files which Mrs. Crittenden claims were in the possession of petitioner is vague and uncertain.

As to the engagement ring, plaintiff's testimony was that when she left home after their matrimonial troubles ensued, she returned to his house one night, took off her engagement ring and threw it at him, and then left; that she had not seen the ring since that time; that she did not know what happened to it and did not know whether he had it or not. This act may have passed title to the ring back to him. The committing order is therefore insufficient, for the reasons expressed.

The demurrer is overruled and the commitment order is annulled.

Coughlin, J., and Brown, (Gerald), J., concurred.