[No. D011417. Fourth Dist., Div. One. May 6, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EDWARD BERRY, Defendant and Appellant.

COUNSEL

Joseph J. Valenti, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HUFFMAN, Acting P. J.**—Michael Edward Berry was convicted of perjury following a court trial. (Pen. Code, § 118.)[1] He appeals, raising the single contention the evidence of his false testimony during a family court proceeding should have been excluded from evidence in his perjury trial because of the failure of the family court to warn Berry at that time of his rights against compelled self-incrimination as established by the Fifth Amendment of the United States Constitution. (See also, Cal. Const., art. I, § 15; Evid. Code, § 940.) Based upon the record before us, we find the family law judge had no duty to warn Berry of such rights at that hearing. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

At an order to show cause hearing re-modification of child support and visitation held February 8, 1988, in a family court proceeding,[2] Berry was ordered effective February 1, 1988, to pay child support in the amount of $200 per month to the County of San Diego (the county) by way of wage assignment. A review hearing was set for May 24, 1988.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The family court proceeding in which Berry appeared was In re the Matter of Carol Marie Strasser and Michael Edward Berry (Super. Ct. San Diego County, 1987, No. D235528). The trial court in Berry's perjury case took judicial notice of the family court file. We therefore take judicial notice of that file and have reviewed the order to show cause and the order after hearing concerning his May 24, 1988, appearance. (Evid. Code, § 459, subd. (a).)

On that date, Berry appeared at the hearing and stated to the court he was then employed at the Mervyn's store in Escondido and that $100 every two weeks was being deducted from his earnings by wage assignment for the ordered child support.[3] The court and parties then discussed whether some other type of deduction might have been made from his wages, since the county's revenue and recovery records did not show any monies had been received pursuant to the wage assignment order. Berry was then placed under oath and repeated the same statements. Other evidence next presented at the family court proceeding demonstrated that Berry's testimony regarding both his employment and wage assignment was false.

At Berry's perjury trial (§ 118), the court admitted into evidence the reporter's transcript of the family court proceedings. We need not further discuss the showing made of the facts of the offense, since Berry has not challenged the sufficiency of the evidence to support his conviction.

Following his conviction Berry was granted probation on various conditions. He has filed a timely notice of appeal.

## DISCUSSION

 Berry claims his appearance at a family support calendar on an order to show cause created a duty on the part of the court to advise him of his Fifth Amendment rights before he testified. He bases this claim on a contention the family court review hearing should be considered to be the equivalent of a criminal matter, because any testimony he gave which might show noncompliance with the original order might subject him to contempt proceedings. (Code Civ. Proc., § 1209.5.)[4] Berry's argument has no merit.

Here, the mother of Berry's child sought modification of a child support order. Berry had originally appeared on February 8, 1988, on the order to show cause and had obtained a reduction in the amount of his child support payments. The matter was then set for review on May 24, 1988. At that time, Berry was required to appear in the family court to show cause why child support should not be increased. He was not served with an order to show cause re contempt and was not then at risk of punishment by the court.

---

[3]Berry's testimony at the hearing is recorded in the reporter's transcript of the family court proceeding, which was received into evidence at Berry's perjury trial. Pursuant to California Rules of Court, rule 10(d), that exhibit has been transmitted to this court for our review.

[4]Code of Civil Procedure section 1209.5, reads as follows: "When a court of competent jurisdiction makes an order compelling a parent to furnish support or necessary food, clothing, shelter, medical attendance, or other remedial care for his child, proof that such order was made, filed, and served on the parent or proof that the parent was present in court at the time the order was pronounced and proof of noncompliance therewith shall be prima facie evidence of a contempt of court."

(*Crittenden* v. *Superior Court* (1964) 225 Cal.App.2d 101, 105-106 [36 Cal.Rptr. 903].) At the time of his false testimony, Berry was appearing in a matter that was entirely civil in nature and had no criminal overtones.

■ The privilege against compelled self-incrimination is available to persons appearing before civil or administrative tribunals if the statement to be taken could be incriminating. (*In re Gault* (1967) 387 U.S. 1, 49 [18 L.Ed.2d 527, 558, 87 S.Ct. 1428]; *Cramer* v. *Tyars* (1979) 23 Cal.3d 131, 137 [151 Cal.Rptr. 653, 588 P.2d 793].) Such persons may not be required to give evidence that would tend to incriminate them in any criminal activity and which could subject them to criminal prosecution. (23 Cal.3d at p. 138.) The burden of claiming the privilege is, however, ordinarily on the person who seeks its protection. (Evid. Code, §§ 940, 404.)

■ Admittedly, there are times where a trial judge would be aware from the circumstances of the case of the potential for self-incrimination on the part of a witness. In such cases the trial court has a duty to protect the witness by either informing that person of his or her constitutional rights or by the appointment of counsel for that purpose. (*People* v. *Warren* (1984) 161 Cal.App.3d 961, 972 [207 Cal.Rptr. 912]; *People* v. *Seastone* (1969) 3 Cal.App.3d 60, 68 [82 Cal.Rptr. 907]; *People* v. *Schroeder* (1991) 227 Cal.App.3d 784, 788 [278 Cal.Rptr. 237].) This is not such a case.

None of the cases cited by the parties, nor any we have reviewed, requires a court to admonish all witnesses or persons appearing before the court concerning the privilege against self-incrimination. The cases discussing such a duty on the part of the trial court have all involved situations where something in the circumstances of the hearing put the judge on notice of the possibility of self-incrimination, e.g., persons identified as coconspirators or perpetrators of some specific crime. (See, e.g., *People* v. *Warren, supra,* 161 Cal.App.3d 961, 972.) Moreover, no case brought to our attention has applied a rule of exclusion against the later use of such testimony as is currently being urged by Berry with respect to his perjury trial.

■ When Berry appeared before the family court on May 24, 1988, he was there for the continuation of a hearing to determine the appropriate amount of child support he should be required to pay. By his statements to the court both before and after he was sworn, he claimed the wage assignment procedure was in effect. The representative for the county raised the possibility that some other type of wage deduction might have been made. Read in context, Berry's statements did not tend to show he had participated in any criminal activity that would subject him to possible prosecution. (*Cramer* v. *Tyars, supra,* 23 Cal.3d 131, 138.)

Although later testimony at the hearing by public officials showed Berry's statements were false, at the time his testimony was given there were no facts or circumstances which would have reasonably placed the family law judge on notice there would be anything incriminating in the testimony. Moreover, there was nothing to distinguish this routine matter from the dozens also on the court's calendar that day. Accordingly, the family court was under no duty to advise Berry of his Fifth Amendment "rights," nor was the court hearing Berry's perjury trial obligated to exclude the evidence of the perjured testimony. We therefore find Berry's contention on appeal to be without merit.

## DISPOSITION

The judgment is affirmed.

Froehlich, J., and Nares, J., concurred.