Filed 6/24/13  In re E.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  E.B.,  Defendant and Appellant. | E055706  (Super.Ct.No. RIJ1101448)  OPINION |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., and Harry A. Staley,[1] Judges.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

_____

[1]  Retired judge of the Kern Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Construction.

1

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton, and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

While trick-or-treating with his younger brother on Halloween night in 2011, E.B., the minor, approached Tomas R., asked if Tomas had some marijuana, and when Tomas turned around, punched Tomas several times in the face, causing a fractured nose, an orbital fracture, and two facial lacerations. The minor was charged by way of a delinquency petition with one paragraph alleging aggravated assault (Pen. Code, § 245, subd. (a)(1)), with an enhancement allegation relating to the infliction of great bodily injury (Pen. Code, § 12022.7, subd. (a)), and a second paragraph alleging battery with serious bodily injury. (Pen. Code, § 243, subd. (d).) The petition was sustained following a court trial and the minor was placed on probation. The minor appealed.

On appeal, the minor claims the court erred (a) in permitting the victim to invoke his right to remain silent on cross-examination; (b) in not ordering count 2, the battery count, stayed pursuant to Penal Code section 654; and (c) in making true findings on both the aggravated assault and battery counts based on the same acts. We affirm.

## BACKGROUND

On the night of October 31, 2011, 16-year-old Tomas walked up Whitney Street in Jurupa Valley after leaving a Halloween block party. Tomas had been drinking alcohol and smoking marijuana. Another youth who was trick or treating at the same time, observed as E.B., the minor, who was walking along with his 14-year-old brother,

2

Christian, behind Tomas, called Tomas's name. The minor asked Tomas to smoke a bowl of weed with him and asked Tomas if he had any marijuana. Tomas said okay and reached into his front pockets. Tomas had a knife in his back left pocket.

The minor promptly struck Tomas in the face with his fist three or four times, causing Tomas to fall to the ground.[2] The minor struck Tomas a few more times after Tomas was on the ground. On the ground near Tomas was a folding knife, observed by the minor's brother and an independent witness. The minor's brother Christian picked up the knife.[3] Then the minor and his brother ran away.

Tomas was taken to an emergency room where he was treated for a nasal bone fracture, an orbital fracture, and two lacerations. Sheriff's deputy Garciavilla interviewed Tomas in the hospital after viewing the scene of the fight and interviewing witnesses. Then Deputy Garciavilla along with Deputy Segura went to the minor's residence. The deputies found the minor and his brother asleep, one in an upstairs bedroom, and the other on the living room couch.

---

[2] Tomas testified that the minor used brass knuckles in punching him in the face. However, he did not report this fact to investigating deputies and other eyewitnesses testified that the minor used his bare fist. Additionally, the minor's knuckles were red.

[3] Christian testified that Tomas had pulled the knife out of his pocket and was holding it when the minor struck Tomas in the face. However, the court found that Christian was biased in favor of his brother and determined the testimony was not credible.

Deputy Garciavilla interviewed the minor while Deputy Segura interviewed Christian separately. Christian told Deputy Segura that Tomas displayed the knife by opening his pocket prior to the minor striking him. Christian gave the deputy the knife that he had picked up at the scene.

The minor was arrested and taken to the sheriff's station. Deputy Garciavilla interviewed the minor. The minor reported that he thought Tomas was going to pull out a knife and reacted to seeing the knife by striking Tomas. A delinquency petition was filed (Welf. & Inst. Code, § 602) containing two paragraphs alleging acts which would be a crime if committed by an adult. Paragraph 1 alleged assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)), with an allegation that the minor personally inflicted great bodily injury. (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8).) Paragraph 2 alleged battery with serious bodily injury. (Pen. Code, § 243, subd. (d).)

Following a contested adjudication hearing, the juvenile court sustained both counts of the petition. The minor was adjudged a ward of the court, placed under the care, custody and control of the probation officer, committed to juvenile hall for 42 days with credit for 42 days served, and continued in the home of his mother under conditions of probation. The minor appealed.

**DISCUSSION**

**1. The Court Properly Denied the Motion to Strike Where Any Violation of the Minor's Right to Confrontation Was Harmless.**

a. Background

The direct examination testimony of the victim, Tomas, was interrupted by the court when the prosecutor asked Tomas questions about smoking marijuana. Because the witness had not been admonished of the risks of self-incrimination, the court appointed an attorney to advise the witness of his Fifth Amendment rights under the United States Constitution. After conferring with appointed counsel, Tomas continued to testify, but refused to answer certain questions regarding his use, possession, or ingestion of drugs or alcohol, or his possession of a weapon. Nevertheless, Tomas admitted possessing a knife which he carried in a pocket at the time of the incident, admitted consuming alcohol, and admitted possessing marijuana.

Minor's counsel made a motion to dismiss and for sanctions due to the prosecution's failure to provide discovery about Tomas's possession of a knife and marijuana, which was denied. And although the minor was restricted from cross-examining Tomas on the specific areas to which he declined to answer on Fifth Amendment grounds, the minor was permitted to cross-examine Tomas about his prior inconsistent statements to investigating officers.

On appeal, the minor claims that Tomas's invocation of his Fifth Amendment rights deprived the minor of his right to confront and cross-examine his accuser, and that

5

reversal is required because the juvenile court failed to strike the testimony or dismiss. We disagree.

b. *Analysis*

The Fifth Amendment provides, in part, that no person shall be compelled in any criminal case to be a witness against himself. (U.S. Const., 5th Amend.) The Fifth Amendment privilege is a fundamental right of criminal defendants. (*Maldonado v. Superior Court* (2012) 53 Cal.4th 1112, 1128.) There are two privileges: (a) the defendant's (or accused's) privilege, and (b) the witness's privilege. (2 Witkin, Cal. Evid. (5th ed. 2012) Witnesses, § 372, p. 740.) Under the defendant's privilege, a defendant in a criminal case has a privilege not to be called as a witness and not to testify. (Evid. Code, § 930.) Under the witness's privilege, any person has a privilege to refuse to disclose any matter that may tend to incriminate him. (Evid. Code, § 940.)

A criminal defendant has a constitutionally guaranteed right to confront and cross-examine witnesses against him or her. (U.S. Const., 6th & 14th Amends.; *Pointer v. Texas* (1965) 380 U.S. 400, 403-405 [85 S.Ct. 1065, 13 L.Ed.2d 923]; *People v. Carter* (2005) 36 Cal.4th 1114, 1172.) The federal constitution guarantees an opportunity for effective cross-examination, though not a cross-examination as effective as a defendant might prefer. (*People v. Homick* (2012) 55 Cal.4th 816, 861 [witness who feigned forgetfulness and later refused to answer questions was not unavailable].)

It is also fundamental that witnesses may not be compelled to incriminate themselves. (*People v. Williams* (2008) 43 Cal.4th 584, 613-614.) The privilege is

6

properly invoked whenever the witness's answers would furnish a link in the chain of evidence needed to prosecute the witness for a criminal offense. (*People v. Cudjo* (1993) 6 Cal.4th 585, 617.) Thus, a defendant's Sixth Amendment rights must yield to a witness's legitimate claim that his or her testimony might lead to self-incrimination. (*People v. Hill* (1992) 3 Cal.4th 959, 993 [overruled on a different point in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13].)

The rule allowing a witness to assert the privilege prior to testifying, and to refuse to testify unless granted immunity, protects the "core" Fifth Amendment privilege simply by asserting that the witness has not forfeited the right against self-incriminating use of his or her testimony in later criminal proceedings. (*Maldonado v. Superior Court, supra,* 53 Cal.4th at p. 1128-1129.) The Fifth Amendment privilege may be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory, and protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used. (*Kastigar v. United States* (1972) 406 U.S. 441, 444 [92 S.Ct. 1653, 32 L.Ed.2d 212].)

The United States Supreme Court has created prophylactic rules designed to safeguard the core constitutional right, which protect witnesses who invoke their Fifth Amendment rights from being forced to give incriminating testimony, even in noncriminal cases, unless that testimony has been immunized from use and derivative use in a future criminal proceeding before it is compelled. (*Chavez v. Martinez* (2002) 538 U.S. 760, 770-771 [123 S.Ct. 1994, 155 L.Ed.2d 984].)

7

A nonparty witness may elect to waive his or her privilege against self-incrimination, and, in some instances, a waiver may be implied when a witness has made a partial disclosure of incriminating facts. (*People v. Williams, supra,* 43 Cal.4th at p. 615, citing *Mitchell v. United States* (1999) 526 U.S. 314, 321 [119 S.Ct.1307, 143 L.Ed.2d 424].) However, a witness's failure to invoke the privilege during one hearing within a proceeding does not necessarily constitute a waiver for the purpose of subsequent hearings. (*Williams,* at p. 615.) Waiver of the privilege is not lightly inferred. (*Ibid.*)

In the present case, the prosecutor elicited incriminating responses from Tomas, the juvenile victim-witness, who had not been counseled prior to testifying. The court attempted to rectify the problem by appointing counsel to advise the victim-witness.[4] We cannot infer a waiver of Tomas's privilege under these circumstances. It was not error to permit Tomas to invoke his privilege against self-incrimination on a question-by-question basis.

The minor argues that the court was obliged to strike the victim's testimony based on the witness's refusal to submit to proper cross-examination, citing *Fost v. Superior Court* (2000) 80 Cal.App.4th 724, *People v. Reynolds* (1984) 152 Cal.App.3d 42, and *People v. Hecker* (1990) 219 Cal.App.3d 1238. We disagree.

---

[4] The prosecution indicated it would not grant immunity to Tomas.

8

First, striking a witness's entire testimony is a drastic solution when the witness has refused to answer one or two questions on cross-examination on matters that are collateral, such as credibility. (*People v. Sanders* (2010) 189 Cal.App.4th 543, 556.) Here, the victim only refused to answer incriminating questions regarding whether he possessed marijuana on the night of the fight, or possessed a knife. While defense counsel attempted to ask the same questions repeatedly, there were only two areas in which Tomas invoked his Fifth Amendment privilege, and those questions were directed at the victim's failure to disclose his possession of controlled substances and a weapon to the investigating officers, going to his credibility. Given the minor's ability to thoroughly cross-examine Tomas on other matters and Tomas's initial admissions, striking Tomas's testimony would have been too drastic a solution.

Second, the minor did not make a motion to strike Tomas's testimony due to the restriction on the minor's ability to cross-examine him, thus forfeiting any claim to such relief. (*People v. Williams, supra,* 43 Cal.4th at p. 629 [invited error to withdraw request to force witness to invoke privilege in jury's presence]; see also *People v. Lewis* (2008) 43 Cal.4th 415, 527, citing *People v. Frank* (1990) 51 Cal.3d 718, 733 [defendant's failure to move to strike testimony constitutes waiver/forfeiture].)

Counsel did inform the court her client had a right to cross-examine Tomas and wished to continue to do so. Counsel also made a motion to dismiss the action, and for sanctions, based on the violation of discovery statutes in the prosecutor's failure to timely turn over critical witness statements, the denial of which he does not challenge on appeal.

9

The failure to make a motion to strike Tomas's testimony was a reasonable tactical decision, and not an oversight as minor's counsel indicated in oral argument. Tomas admitted on direct that he had the knife in his back pocket and that he had marijuana in his front pocket. This aided the defense. Had Tomas's testimony been stricken, those admissions would not have been in evidence.

The minor also argues that as an alternative to striking Tomas's testimony, Tomas should have been compelled to testify. In support of this position, the minor directs our attention to *Fost v. Superior Court, supra,* 80 Cal.App.4th 724, a proceeding in prohibition to restrain the trial court from enforcing a contempt order against a journalist who invoked the newsperson's shield law. (Cal. Const. art. I, § 2, subd. (b); Evid. Code, § 1070.) In *Fost*, the reviewing court concluded that the People could compel the defendant to either assert the right to the testimony and show that it transcends that of the witness under the shield law, or forgo the benefit of the witness's testimony in his favor. (*Fost,* at p. 732.)

The *Fost* case does not stand for the proposition that a witness who has invoked a privilege may be compelled to testify. To the contrary, the holding requires a defendant to make an affirmative showing that his right to the testimony to be compelled transcends the witness's claim of privilege. In any event, the minor in the present case was permitted to cross-examine Tomas, and benefitted from the retention of Tomas's admissions made on direct examination. Compelling further incriminating responses for impeachment would have been cumulative.

10

More importantly, in this case the minor did not make a motion to compel the witness to testify and did not make an affirmative showing that his right to compel the witness's testimony transcended Tomas's Fifth Amendment right. Any claim for that form of relief is forfeit.

In any event, the court's ruling permitting Tomas to invoke his right to refuse to answer incriminating questions did not deprive the minor of his defense because other witnesses were able to impeach Tomas's credibility about his failure to mention the marijuana or the knife to the police, corroborated by the presence of the knife at the scene. Thus, the procedure of allowing the victim-witness to invoke his constitutional right to refuse to answer certain questions was harmless beyond a reasonable doubt (*Chapman v. California* (1967) 386 U.S. 18, 24) and did not deprive the minor of a defense. In fact, if Tomas's testimony had been stricken, his admissions about the weapon and the marijuana would have been lost. Striking the testimony would not have been in the minor's interest.

The trial court followed the proper procedure. Where the trial court is aware of the potential for self-incrimination on the part of a witness, it has a duty to protect the witness by either informing that person of his or her constitutional rights or by the appointment of counsel for that purpose. (*People v. Berry* (1991) 230 Cal.App.3d 1449, 1453; see also *People v. Warren* (1984) 161 Cal.App.3d 961, 972.) The trial court allowed defense counsel to continue with cross-examination, preserving his right to confrontation and cross-examination. The defense was also able to cross-examine Tomas

11

about his failure to inform the investigating officers about whether the minor had asked him about marijuana and whether he told the defense investigator that he had a knife. There was no error.

2. **Count Two Should Be Stayed Pursuant to Penal Code Section 654 In the Event the Minor Is Ordered into Placement.**

The defendant argues that the assault by means of force likely to produce great bodily injury, alleged in Paragraph 1 of the petition, and the battery with serious bodily injury, alleged in Paragraph 2, were part of an indivisible course of conduct which is subject to the prohibition against multiple punishment pursuant to Penal Code section 654. The People agree. We agree also, but only up to a point: the issue is premature.

Penal Code section 654 prohibits multiple punishment for an indivisible course of conduct even though it violates more than one statute. (*People v. James* (1977) 19 Cal.3d 99, 119; *In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1743-1744.) Whether a course of conduct is indivisible depends on the intent and objective of the actor. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1216; *Neal v. State of California* (1960) 55 Cal.2d 11, 19.) If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. (*People v. Perez* (1979) 23 Cal. 3d 545, 551.)

When a court orders a minor removed from the physical custody of his parent or guardian, and commits the minor to the Division of Juvenile Facilities, it is required to specify the maximum term the minor can be held in physical confinement. (Welf. & Inst. Code, § 731, subd. (c).) The maximum period of confinement for which a ward may be

12

committed may not exceed the maximum period of imprisonment that could be imposed upon an adult convicted of the same offense. (Welf. & Inst. Code, § 731, subd. (c).) Thus, when such a commitment is ordered, the principles relating to multiple punishment under Penal Code section 654 apply to wardships. (*In re Michael B.* (1980) 28 Cal.3d 548, 556, fn. 3; *In re Jesse F.* (1982) 137 Cal.App.3d 164, 170.)

The Penal Code section 654 issue is relevant only to the issue of whether the trial court's order calculating the minor's maximum theoretical period of confinement must be corrected. However, the minor was ordered home on probation in the home of his mother and was not ordered into an out-of-home commitment. Because the minor was not removed from his mother's physical custody, there is no need to decide the Penal Code section 654 issue or to correct the trial court's order calculating the minor's maximum theoretical period of confinement. (*In re Danny H.* (2002) 104 Cal.App.4th 92, 106; *In re Joseph G., supra,* 32 Cal.App.4th at pp. 1743-1744; Welf. & Inst. Code, § 725, subd. (b).)

Thus, it is not necessary to remand the case for a new disposition.

3. **The True Findings on Both the Aggravated Assault and Battery Counts Do Not Violate Double Jeopardy.**

The minor argues that the true findings on both assault with personal infliction of great bodily injury and battery resulting in serious bodily injury violate the prohibition against double jeopardy under the Federal Constitution. The minor acknowledges that enhancements are not considered in determining whether a defendant can be convicted of

13

multiple charged crimes based on necessarily included offenses. (*People v. Sloan* (2007) 42 Cal.4th 110, 119-120.)

A person may be convicted of, although not punished for, more than one crime arising out of the same act or course of conduct. (*People v. Reed* (2006) 38 Cal.4th 1224, 1226.) However, where two crimes are based upon the commission of the same act, and one is a lesser and necessarily included offense of the other, the perpetrator may not be found guilty of both. (*In re Marcus T.* (2001) 89 Cal.App.4th 468, 471 [applying the principle to juvenile delinquency cases].)

Assault with force likely to produce great bodily injury is not a lesser included offense of battery with serious bodily injury. (*In re Jose H.* (2000) 77 Cal.App.4th 1090, 1095-1096.) Thus, the true findings on both paragraphs of the petition do not violate double jeopardy.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

14