[Civ. No. 615. First Appellate District.—January 6, 1910.]

In the Matter of the Application of DEVLIN & JUDAH COMPANY, for a Decree Declaring the Santa Cruz "Evening News" to be a Newspaper of General Circulation. FRIEND W. RICHARDSON, Contestant, Appellant, v. DEVLIN & JUDAH COMPANY, Applicant. Respondent,

OFFICIAL ADVERTISING—NEWSPAPER OF GENERAL CIRCULATION—DEFINITION IN POLITICAL CODE.—In title V of part IV of the Political Code, regulating official advertising, and a proceeding to secure it, in a newspaper of general circulation, such a newspaper is defined in section 4460 in that title, as "one published for the dissemination of local and telegraphic news and intelligence of a general character, having a *bona fide* subscription list of paying subscribers, and which shall have been established, printed and published at regular intervals in the state, county, city, city and county or town, where such publication, notice of publication, or official advertising is given or made, for at least one year preceding the date of such publication, notice or advertisement.

ID.—INSUFFICIENT APPLICATION FOR DECREE—PUBLICATION LESS THAN ONE YEAR—CONTEST AND DEMURRER—ERRONEOUS DECISION.—An application for a decree under section 4462 of the Political Code, to establish that a newspaper is one entitled to official advertising, which shows on its face that it has been published less than one year, states no cause of action; and any person appearing to contest the same may demur to its sufficiency on that ground. It was error for the court to overrule such demurrer, and grant the decree applied for.

Id.—Question of Constitutionality of Definition—Cause of Action not Shown on Either Supposition.—Where it is objected that section 4460, requiring publication for one year, is unconstitutional as class legislation, it is so interwoven as an essential part of the definition of a newspaper of general circulation, that if it is unconstitutional, the whole section must fail; and, in either case, plaintiff is not entitled to relief, whether the section is valid or invalid. If it is valid, the petitioner has no standing under the terms of the definition and if it is invalid, there is no such thing known to the law as a newspaper of general circulation, and the petition has no foundation.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

McGowan, Squires & Westlake, and Duncan McPherson, Jr., for Appellant.

Hugh R. Osborn, and Devlin & Devlin, for Respondent.

KERRIGAN, J.—This is a proceeding instituted under title V, part IV, of the Political Code, to have the Santa Cruz "Evening News" declared a newspaper of general circulation and entitled to print official advertising.

The petition shows that said newspaper was established November 1, 1907; that it is printed and circulated in the city of Santa Cruz every day, Sundays and holidays excepted, and is devoted to the dissemination of local and telegraphic news and intelligence of a general character, having a *bona fide* subscription list of paying subscribers numbering over 1,500, and is not devoted to the interests of a particular class, profession, trade, calling, race or denomination. The petition was filed July 20, 1908, at which time said paper had not been published and established for a period of one year.

Section 4462 of said code authorizes anyone to appear and contest such a petition, and Friend W. Richardson, on behalf of the California Press Association, appeared and filed what was denominated a "demurrer and contest." The demurrer was upon the ground that the petition does not state facts sufficient to constitute a cause of action, and that it does not set forth facts sufficient to authorize the court to

grant the relief prayed for, in this, that it has not been published for one year preceding the filing of said petition.

The demurrer was overruled, and upon final hearing the prayer of the petition was granted.

We think the demurrer should have been sustained, and the respondent's application denied. Section 4460 defines what is a newspaper of general circulation, to wit, one "published for the dissemination of local and telegraphic news and intelligence of a general character, having a *bona fide* subscription list of paying subscribers, and which shall have been established, printed and published at regular intervals, in the state, county, city, city and county, or town where such publication, notice of publication, or official advertising is given or made, for at least one year preceding the date of such publication, notice or advertisement."

It thus appears that the petition fails to show that the Santa Cruz "Evening News" was a newspaper of general circulation as defined by said section, in that it had not been established for the period of a year. If section 4460 is a valid exercise of legislative power, it cannot be doubted that the petition fails to state a cause of action. Respondent, however, contends that the section is unconstitutional as class and discriminating legislation, because the section requires that such newspaper shall have been established, printed and published for one year. Its argument is based on article I, sections 11 and 21 of the constitution, which read, that "all laws of a general nature shall have uniform operation, . . . nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens." The provision of the section assailed is an essential and inseparable part of the definition. It is contained in the same sentence, and grammatically and logically it is a modification of every other part of the definition. The section requires the newspaper to be of a certain character as to contents, and published at regular intervals for a period of one year. We cannot assume that the legislature would have enacted any portion of this section defining a newspaper of general circulation without the qualifying clause requiring it to be published at regular intervals for a period of one year. If the requirement for the publication during one

year is invalid and of no effect, then section 4460 fails to define such a newspaper.

Section 4462 provides that when a newspaper desires to have its standing as a newspaper of general circulation, as that term is defined in section 4460, ascertained and established, it may at its option file a verified petition, setting forth the facts which justify such action, and upon a proper showing such a decree may be made. No right can exist to have established by decree of court that a newspaper is one of general circulation, as that term is defined by section 4460, if that part of the section defining such a paper is invalid.

The result is that whether the section is valid or not the petition fails to state a cause of action. If the section is valid the petitioner has failed to state facts sufficient to bring its newspaper within the definition. If it is invalid, the section as a matter of law contains no definition of a newspaper of general circulation, and there is no foundation for the petition.

The judgment is reversed.

Hall, J., concurred.

COOPER, P. J.—I concur in the judgment of reversal. The sole and only authority for a proceeding of this kind is the Political Code (sections 4460, 4461 and 4462). Section 4462 provides that when a newspaper shall desire to have its standing as a newspaper of general circulation, as that term is defined in section 4460, ascertained and established, it may file a verified petition, and obtain a judgment of the court, by doing the things therein enumerated, to the effect that it is such paper. The petition does not show that the Santa Cruz "Evening News" is a newspaper of general circulation as that term is defined by section 4460 in this, that it does not allege nor show that said paper had been printed and published for one year prior to the time of filing the petition, but, on the contrary, it shows that the said newspaper had been established and published less than nine months at said time.

To entitle the petitioner to this special kind of judgment provided for by the sections of the code enumerated it must comply with the express conditions on which the judgment

is authorized. It is elementary that statutory remedies must be strictly pursued, and cannot be extended to cases not named nor included within the classes enumerated. It is not necessary to discuss or determine the constitutionality of the provisions of the code relied upon by the petitioner.

A petition for a rehearing of this cause was denied by the district court of appeal on February 3, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 7, 1910.