[L. A. No. 8901. Department Two.—December 14, 1927.]

## HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. J. E. PILE et al., Respondents.

[1] MECHANICS' LIENS—DELIVERY OF MATERIALS FOR GENERAL USE—ESTOPPEL—WAIVER.—In a suit to foreclose a mechanic's lien, where the evidence is in conflict but there is testimony supporting the findings in favor of the defenses that the materials for which the lien is sought were delivered to the contractor for general use in his contracting business and not for the construction of the house on which the lien is sought to be imposed and that a large part of the materials were used by the contractor in other construction work, that the plaintiff was estopped from asserting a lien for such materials because it had represented to defendants that it would not assert such a lien, and had also represented to defendants that the purchase price of the materials had been charged to one of the defendants personally, and that plaintiff had requested the owner to pay the contractor for the house, upon the assurance that no lien nor claim would be asserted against the house and that the owner had relied upon such assertion and promise and had paid the contractor for his work, the findings will not be disturbed on appeal.

[2] ID.—USE OF PART OF MATERIALS IN OTHER BUILDINGS—UNCERTAINTY IN AMOUNT—LIEN.—Where the court found in such a case that it is impossible to estimate the amount of material which was diverted to other uses, a lien cannot be enforced for the value of materials used in the house against which the lien is sought.

(1) 4 C. J., p. 884, n. 37. (2) 40 C. J., p. 470, n. 63.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellant.

Scarborough, Forgy & Reinhaus and Carl M. Heim for Respondents.

LANGDON, J.—Appeal by plaintiff from a judgment against it in an action to foreclose a mechanic's lien upon property belonging to defendant J. W. Kennedy. It is

alleged that plaintiff delivered to defendant Pile, a building contractor, certain lumber and other building materials to be used in the erection of a dwelling-house on real property in Orange County, California, which was owned by defendant J. W. Kennedy, and that there remains due thereon the sum of $1,944.42.

[1] Two defenses were set up in the answer: (1) That the materials were delivered to defendant Pile for general use in his contracting business and not for the construction of Kennedy's house and that a large part of the materials were used by Pile in other construction work; (2) That the plaintiff was estopped from asserting a lien for said materials, because it had represented to defendants that it would not assert such a lien, and had also represented to defendants that the purchase price of the materials had been charged to defendant Pile, personally, and that plaintiff had requested defendant Kennedy to pay the contractor for the house, upon the assurance that no lien or claim would be asserted against the house, and that Kennedy had relied upon such assertion and promise and had paid the contractor for his work.

Upon both defenses, the trial court found the facts as alleged by defendants. An attack is made by appellant upon these findings. The evidence is in conflict, but the record contains testimony supporting the findings made. It is unnecessary to set forth the evidence here, but the portion thereof relied upon by respondents is set forth in their brief filed on appeal. If either of these findings is supported by the evidence, the judgment for defendants is a proper one, and we think they are both so supported.

[2] The only other matter to be noticed is the claim of appellant that even though a portion of the materials was used on buildings other than Kennedy's house, the lien should be enforced for the value of the materials used on Kennedy's house. This contention is answered by the finding of the trial court that it is impossible to estimate the amount of material which has been diverted to other uses. Plaintiff, therefore, could not assert a lien for materials of uncertain value and amount, even though he were not precluded from doing so by reason of having misled the defendants to their damage in asserting that credit was

202 Cal.—40

given solely to the contractor and that no attempt would be made to establish or enforce a mechanic's lien.

Judgment affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.