[Civ. No. 9798. First Appellate District, Division Two.—November 6, 1935.]

GURLEY LORD TIRE COMPANY (a Corporation), Respondent, v. P. M. NEWGARD et al., Defendants; BASICH BROTHERS CONSTRUCTION COMPANY (a Corporation) et al., Appellants.

Stephen Monteleone for Appellants.

Cooley, Crowley & Supple for Respondent.

NOURSE, P. J.—The plaintiff sued and recovered on an express contract for the rental of forty-eight tires and forty-eight tubes supplied to a subcontractor and used by him on trucks employed in a public highway construction job.

The trial court found: "That said supplies and materials above mentioned, to-wit, use and rentals of Forty-eight tires and Forty-eight tubes were furnished to be used and were actually used in, upon, for and about the performance of the work contracted to be executed and performed by the terms of said contract between the State of California and Basich Brothers Construction Company on the main job and the Sunnyvale extension or 'airport job' under contract 44TC2; that said supplies and materials contributed to said work to be done; that the value of said tire rental is three thousand seven hundred sixty-eight and 96/100 ($3,768.96) dollars, which amount the court finds to be the reasonable value of said rental; . . . "

Plaintiff's claim rests on the statute of 1919 to secure payment of claims in relation to contracts for public works. (Deering's Gen. Laws, Act No. 6423 [Stats. 1919, p. 487].) Section 2 of the act provides in part: "Any materialman . . . furnishing materials, provisions, provender or other supplies used in, upon, for or about the performance of the work contracted to be executed . . . or . . . renting or hiring teams or implements or machinery for or contributing to said work to be done, or . . . who supplies both work and materials, and whose claim has not been paid by the contractor, . . . or by the subcontractors . . . " may file a claim with the officer or body by whom the contract was let or with the disbursing officer. Section 1 of the act requires an indemnity bond from the contractor inuring to the benefit of all such persons entitled to file claims under section 2. The two bonding companies named herein as defendants were sued under these provisions of the act.

The appellants state two questions involved in their appeal —the application of the act to a rental of truck tires and tubes, and the alleged estoppel of respondent.

The wording of the act is clear. It expressly includes the furnishing of supplies and the rental of "teams

or implements or machinery''. The appellants argue that whatever is furnished under the act must be entirely "used or consumed in the construction''. But this could not be so in respect to the rental of teams, wagons, scrapers, etc. One who furnishes a wagon and a team is entitled to claim for the rental value of the wagon which would be classed as an "implement''. One who furnishes a motor-driven truck may file for the gasoline used. (*Associated Oil Co.* v. *Commary-Peterson Co.*, 32 Cal. App. 582 [163 Pac. 702].) Whether the tires used on the truck be classed as "implements'' or "supplies'' they are inseparably connected with the subcontract to haul for the contractor and would come under the express terms of the act. In accord with these principles are *French* v. *Powell,* 135 Cal. 636, 643 [68 Pac. 92]; *Bricker* v. *Rollins,* 178 Cal. 347, 350 [173 Pac. 592]; *Ryan* v. *Shannahan,* 209 Cal. 98, 103 [285 Pac. 1045]; *A. L. Young Mach. Co.* v. *Cupps,* 213 Cal. 210, 214 [2 Pac. (2d) 321].

It is suggested in the brief, though not stated as a point involved in the appeal, that the contract price fixed for the rental of the supplies was in excess of the reasonable value. The trial court, on substantial and competent evidence held to the contrary. The meager testimony which appellants cite as in conflict with this evidence was of doubtful competency and might have been rejected in its entirety. But the finding has ample support and is controlling.

The estoppel above mentioned is urged on the showing that, before the rental contract was executed, an employee of the respondent stated to an employee of the contractor that respondent might "take a chance'' on the subcontractor's ability to pay. That respondent did not act on this suggestion is evidenced by the execution of the lease. Though the trial court's finding on this issue is also controlling it may be noted that appellants made no proof that they changed their position or suffered any injury from any "declaration, act, or omission'' of the respondent within the meaning of subdivision 3 of section 1962 of the Code of Civil Procedure. The burden of proof was on the appellants and, having failed in proof, they cannot complain of the adverse finding. (*Bashore* v. *Parker,* 146 Cal. 525, 529 [80 Pac. 707]; *Regan* v. *Albin,* 219 Cal. 357, 360 [26 Pac. (2d) 475].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.