[Crim. No. 756. Fourth Dist. Apr. 5, 1951.]

In re VERNAL T. SCROGGIN, on Habeas Corpus.

George R. Baird and Milton A. Krug for Petitioner.

GRIFFIN, J.—The petition upon which this writ is issued shows that an order to show cause was issued out of the Superior Court of San Diego County, in an action entitled *Cecile G. Scroggin, Plaintiff,* v. *Vernal T. Scroggin, Defendant,* directing said defendant to appear and show cause why he should not be held in contempt of court for failing to comply

with the terms of the interlocutory judgment of divorce in said cause, which decree incorporated the terms of a property settlement agreement between the parties to said action, and which ordered certain payments made by the petitioner under the terms of the property settlement agreement. The petitioner in this proceeding appeared before John A. Hewicker, judge of the superior court, in person and by his counsel.

The allegations contained in the affidavit of plaintiff, filed in support of the order to show cause, were met by the allegations of affidavits filed by petitioner in which he denied that his failure to comply with the terms of the interlocutory judgment was wilful. He alleged that he had no notice or knowledge of such decree until he was served with said order to show cause. He also alleged that he was wholly unable to comply with the terms of the judgment. After hearing, petitioner was adjudged to be in contempt of court and sentence to confinement in the county jail until such time as he should purge himself of contempt by paying plaintiff the sum of $1,200.

The judgment holding petitioner in contempt, after setting forth certain findings not material here, makes certain other findings pertinent to the matter at hand. It recites (1) that on the 27th day of November, 1950, the defendant had, and now has *"knowledge"* of the terms of the interlocutory decree of divorce herein; (2) that on said date (Nov. 27, 1950) defendant "was possessed of approximately $1,400.00 in cash and other personal property of value"; (3) that on said date defendant had, "and now has, the ability to make a *substantial payment* to plaintiff due her under the Interlocutory Decree of Divorce herein"; (4) that defendant wilfully and deliberately failed to comply with said decree.

Section 1219 of the Code of Civil Procedure provides:

"When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he *have* performed it, and in that case the act must be specified in the warrant of commitment."

In *In re Wells,* 29 Cal.2d 200 [173 P.2d 811], it was held that a judgment of contempt purporting to confine the contemnor "until he purges himself of such contempt" must specify the act to be performed, and must include a finding that such act is within his power to perform. Otherwise, the judgment is void. (Citing cases.)

The findings referred to under subdivisions 2 and 3 are insufficient to support a contempt commitment under section

1219, Code of Civil Procedure. A finding that one has the ability to pay "a substantial amount" is not a finding of an ability to pay the sum of $1,200, for which petitioner was to stand committed until paid. ■ The word "substantial" is a relative term, the meaning of which is to be gauged by all the circumstances surrounding the transaction in reference to which the expression has been used. It imports a considerable amount of value in opposition to that which is inconsequential or small. (*Fuhrman* v. *American National B. & L. Assn.*, 126 Cal.App. 202, 211 [14 P.2d 601].) ■ Being a relative term, it is not an exact one, and a finding of present ability to pay a "substantial sum" is not a finding of the present ability of petitioner to pay $1,200, or any other definite sum. Such a finding is but a conclusion and is so vague, indefinite, and uncertain as to leave wholly to conjecture the amount which petitioner has the ability to pay, and is not sufficient to support the order of commitment for contempt. ■ Nothing can be implied in support of an adjudication of contempt. (*Harlan* v. *Superior Court*, 94 Cal.App.2d 902 [211 P.2d 942].)

■ The finding referred to in subdivision 2, i. e., that petitioner was on *November 27, 1950,* possessed of approximately $1,400 in cash and other personal property of value, is not a finding that he was, on the date he was committed, to wit, March 19, 1951, possessed of said property and on that date had the ability to comply with the court's order to pay $1,200, or any other definite sum. ■ A judgment of commitment for contempt may not stand unless the record clearly shows as true all the facts necessary to constitute the contempt. (*In re Meyer,* 131 Cal.App. 41 [20 P.2d 732].)

Since the judgment of contempt is void for failure to conform to the above stated requirements, other contentions of petitioner need not be discussed.

The writ is granted and petitioner is discharged.

Barnard, P. J., and Mussell, J., concurred.