[Civ. No. 24300.    Second Dist., Div. Three.    Aug. 5, 1960.]

In re Establishment of the Standing of NORWALK CALL. T. A. GARRETT, Respondent, v. THE NORWALK CALL et al., Appellants.

Robert F. Tyler for Appellants.

Butler & Hegner for Respondent.

SHINN, P. J.—October 18, 1958, judgment was entered by the Superior Court of Los Angeles County establishing the Norwalk Call to be a newspaper of general circulation in the city of Norwalk in said county. The judgment was based upon findings that the Call, being otherwise qualified, was established, printed and published at regular intervals in the city of Norwalk in the manner set forth in sections 6000 and 6003 of the Government Code.[1]

[1] '6000. Newspaper of general circulation, definition.
A 'newspaper of general circulation' is a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established, printed and published at regular intervals in the State, county, or city where publication, notice by publication, or

The present proceeding was instituted by T. A. Garrett, a citizen and resident of Los Angeles County, seeking a judgment vacating the former judgment insofar as it declared the Call to be a newspaper of general circulation in the city of Norwalk. The proceeding is under section 6024 of the Government Code which provides that such a judgment may be vacated by the court on its own motion, or on the motion of any person, upon a satisfactory showing that the newspaper has ceased to be a newspaper of general circulation.

The court found that the Norwalk Call "is a newspaper of general circulation of the County of Los Angeles, but not of the City of Norwalk, as it is not printed in the City of Norwalk, but is printed in the City of Los Angeles, and has ceased to be a newspaper of general circulation for the City of Norwalk, as defined in Section 6000 of the Government Code" etc. Norwalk Call, its editor and its publisher appeal from the ensuing judgment.

Appellants contend there was insufficient evidence to justify the finding that the newspaper is not printed in the city of Norwalk, but they have not set forth in their briefs or otherwise directed attention to the evidence on that issue. They rely entirely upon the uncontradicted testimony of a witness that the newspaper has been and is being printed exactly as it was printed at the time of the former adjudication. But the evidence upon which the court's finding as to the printing rests is found in the testimony of Nell Donavan, publisher of the Call. She testified that all the work preliminary to the printing is done in the city of Norwalk but that the cylinders are cast and all the actual printing therefrom is done in the plant of the Southwest Wave, in the city of Los Angeles.

Appellants contend that since the former judgment determined that the paper was then qualified and there has been no change in the printing in the meantime, the court was required to determine that the paper is still qualified. Unfortunately, this theory cannot prevail. The effect of the former judgment was to conclusively establish the existence

---

official advertising is to be given or made for at least one year preceding the date of the publication, notice or advertisement."

"6003. Printed, definition.

For a newspaper to be 'printed,' the mechanical work of producing it, that is the work of typesetting and impressing type on paper, shall have been performed during the whole of the one year period.

If a monthly average of at least 50 per cent of the work of typesetting and a monthly average of at least 50 per cent of the work of impressing type on paper is done in accordance with the other provisions of this article, the requirements embodied in 'printed' are met."

of facts which qualified the Call as a newspaper for the city of Norwalk. An essential fact was that it was printed in Norwalk. However erroneous the judgment was in that respect its necessary implications cannot be questioned. There has been a change from the conditions that were established by the judgment. The testimony upon which appellants rely can mean only that the former judgment was erroneous. But the testimony is incompetent for that purpose. Even if competent it would prove only that at the time of the former judgment the paper was printed in Los Angeles, which would defeat the claims of appellants.

It was developed that 90 per cent of the time and labor involved in getting out an edition, including the printing, is done in the city of Norwalk and that the cost of adequate printing presses, including installation, might run as high as $70,000. The hardship cast upon small and meritorious newspaper enterprises with respect to the matter of printing is manifest, but the law on the subject is specific. The court having found upon sufficient evidence that the impressing of type on paper was all done outside the city of Norwalk, there was no alternative to the judgment that was rendered.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.