[Crim. No. 8508.   Second Dist., Div. Two.   Oct. 23, 1962.]

In re JOHN SPOLLINO on Habeas Corpus.

Nicolas Ferrara for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Robert J. Lord, Deputy District Attorneys, for Respondent.

FOX, P. J.—Spollino's wife secured an interlocutory decree of divorce in October 1960. Custody of their three children was awarded to her. Spollino was ordered to pay $10 per week per child for their support. Final judgment was entered in October 1961. In June 1962, an order to show cause re contempt was issued by the superior court based upon a certificate signed by Bernard Ramirez, an employee in the office of the trustee of the superior court, reciting that defendant was delinquent in his payments a total of $630. After the hearing Spollino was found guilty of contempt on six counts and sentenced to five days in the county jail on each count, the sentences to run consecutively.     The minute order states that "The court finds that the Defendant had knowledge of the order; that he had the *partial ability* to comply with said order and that he has wilfully failed and refused to comply with said order . . ." (Emphasis added.)

A petition for a writ of habeas corpus setting forth these facts was filed on behalf of Spollino. We issued the writ. The sheriff's return to the writ does not dispute these facts.

This court had a similar question before it in *In re Michelena*, 150 Cal.App.2d 377 [309 P.2d 861] (hear. den.). In that case the court found that petitioner "had the ability to comply with said order of court *to a greater extent*" than he did in fact comply. (Emphasis added.) ▮ In holding that such a finding was inadequate and that petitioner was entitled to his release, this court stated: "An adjudication of contempt cannot be sustained in the absence of an unequivocal finding of ability to comply with the court's order. [Citations.]

▮ "No presumptions or intendments may be indulged in support of the contempt order and the findings and judgment are strictly construed to favor the accused [citations].

"In the instant matter, the finding of ability to comply with the court's order was qualified by the phrase 'to a greater extent.' This is a relative phrase, and not subject to interpretation with any exactitude. A finding of ability to comply 'to a greater extent' with an order requiring payment of specified monthly amounts is not a finding of ability to pay any specific delinquent monthly installment and is so vague, indefinite and uncertain as to leave to conjecture the amount, if any, which the petitioner had the ability to pay and is not a sufficient finding of ability to comply with the court's order to sustain the adjudication of contempt. [Citation.]"

*In re Scroggin*, 103 Cal.App.2d 281 [229 P.2d 489], is to the same effect. There the court, in a contempt proceeding, found that petitioner had the ability to make a *substantial payment* on a support order in an interlocutory decree of divorce. The court held that this was not a sufficient finding of ability to comply with the court's order and that the judgment of contempt was therefore void and ordered the petitioner discharged.

▮ Under these authorities it is clear that the commitment in this case is void and that Spollino is entitled to be discharged. It is so ordered.

Ashburn, J., and Herndon, J., concurred.