BURKE, J.
Petitioner seeks annulment of orders adjudging him in contempt of court and imposing sentence for *448 failure to comply with an earlier order to make certain child support payments. As will appear, we have concluded that the various attacks upon the orders are without merit and that they should be affirmed.
In February 1965 Penelope Lyon (plaintiff) was granted an interlocutory judgment of divorce from petitioner (defendant) and custody of the two minor children of the parties, and defendant was ordered to pay her $200 per month per child as child support and $200 per month as alimony, each payable one-half on the 1st and one-half on the 15th of each month. On September 14, 1966, with defendant present in court, the support order was modified to order that he make the child support and alimony payments through the office of the court trustee, beginning with the payments due October 1,1966.[1]
On May 4, 1967, the court issued an order requiring petitioner to show cause why he should not be adjudged in contempt for wilfully disobeying the order of September 14, 1966, as described in the certificate of the court trustee attached thereto. That certificate set forth that defendant had been ordered to pay $400 per month for child support payable $200 on the 1st and on the 15th of each month beginning October 1, 1966, and that defendant was in default of those payments in the sum of $200 due on each of the following dates in 1967: February 1 and 15, March 1 and 15, and April 1 and 15. Each of the defaults is referred to as a separate “count.”
On June 22, 1967, at the conclusion of the hearing on the matter, the court with defendant present made the first order which defendant here attacks. With reference to the September 14 order (ante, fn. 1) the court (1) found that defendant had the ability to pay at least $75 on each of the six dates specified in the certificate of the court trustee but had wilfully failed to pay; (2) adjudged defendant guilty of contempt of *449 court on six counts; (3) continued the matter of sentencing to June 26, 1967; and (4) ordered defendant to indorse and deliver to plaintiff’s attorney a tax refund draft, to be applied first to payment of certain income taxes owing by defendant with any remaining balance to be delivered to plaintiff to apply on arrearages owing her by defendant.[2]
On June 26 the court with defendant again present made the second order now under attack. It ordered that defendant serve five days in jail on each of the six counts on which he had been found guilty of contempt, to run consecutively.[3]

Order of June 22 Finding Defendant Guilty of Contempt of Court.

Defendant urges that the June 22 order is invalid for failure to designate whether it was for his failure to pay (1) alimony or (2) child support under the September 14 order that he was being held in contempt. The defendant cites Nutter v. Superior Court (1960) 183 Cal.App.2d 72, 75 [4] [6 Cal.Rptr. 404], for the proposition that a judgment of contempt must clearly specify the act which defendant has failed to perform. However, at the hearing which culminated in the June 22 order the court also considered contempt proceedings instituted by plaintiff, based on defendant’s failure to pay alimony. It appears that the original alimony award made in February 1965, had been modified not only on September 14, 1966, but again on January 13, 1967. The June 22 order here *450 under attack states at the outset that the documents submitted on behalf of plaintiff were based on the February 1965 order which because of the January 1967 modification could “no longer serve as the basis for a present contempt order.” According^, the finding in the paragraph which immediately followed, that defendant was guilty of contempt for failure to make the six specified payments on the September 14 order, could refer only to child support. There is thus no uncertainty or ambiguity in the June 22 order as urged by defendant.
Nor was the June 22 order void for failure to find that defendant had the ability to pay the full $200 on the six specified dates, as required by the September 14 order. The finding that he was able to pay at least $75 on each of such dates is certain and specific, informs him of the exact payments for default of which he is being held for contempt, and is sufficient to support the contempt adjudication. In re Spollino (1962) 208 Cal.App.2d 783 [25 Cal.Rptr. 536], In re Michelena (1957) 150 Cal.App.2d 377 [309 P.2d 861], and In re Scroggin (1951) 103 Cal.App.2d 281 [229 P.2d 489], correctly state the requirement that the finding of ability to pay must be definite and certain. However, nothing in any of those cases is authority for the proposition that a court may not render a contempt adjudication for failure to make support payments in a specific amount, even though smaller than those ordered, if the party did not have the abilitj’- to pay in full the amount ordered. In each of the three eases the trial court had failed to make a definite finding of the precise amount the party had the ability to pay, and in each it was held that the finding of ability to comply was defective because it was vague or indefinite.[4]
*451 There is no such defect in the June 22 order here involved; on the contrary the trial court specifically found ability to pay $75 on each of six definite dates. It must be assumed that when making the support order of September 14, on which the contempt proceedings were based, the trial court then deemed the larger amount to be within petitioner’s ability to pay. A fortiori, it follows that any lesser amount, found to have been within his ability, was contemplated by the original order.
As stated by the court in Bailey v. Bailey (1959) 77 S.D. 546 [95 N.W.2d 533, 534-535 [2]], in affirming a judgment of contempt, 1 ‘ Ability to comply with an order does not necessarily mean the ability to fully and completely comply. Oftentimes ability is a relative matter. A person may not be able to comply with an order in full yet may have the ability to comply in part. Nelson on Divorce, § 16.25. We are of the opinion that unless a defendant shows he has complied with the court’s order to the fullest extent of his ability his defense of inability fails. In other words, if this defendant was actually able to pay more than the $50 per month he has been paying, then he has failed to show his inability to comply with the order. ’ ’
There is likewise no merit in petitioner’s suggestion that the court exceeded its authority in ordering him to surrender the tax refund check to be used in part to apply against support arrearages which he owed to plaintiff. Petitioner cites no authority in support of his contention that this order was an abuse of the court’s discretion as it “disabled Petitioner from partially purging the contempt,” and we are aware of none.

Order of June 26 Sentencing Petitioner for Contempt.

As noted {ante, fn. 3), the June 26 order provides in part “that this contempt may be paid [sic-purged] by the payment of $100.00 for each five days to be served.” Petitioner complains that there is “no indication whether this amount is to be paid to [plaintiff] or to the Court as a fine or the Court Trustee. Without such clarity, Petitioner can not know what the conditions for purging the contempt are.”
No lack of clarity is shown. The adjudication of contempt was made by reason of petitioner’s failure to pay child support in specified amounts which the court found he had the ability to pay. The order of June 26 permitting him to purge that contempt by the payment of $100 for each five days of the sentence imposed by the same order plainly refers to pay *452 ment of child support, which under the September 14 order of which he was adjudged in contempt was to be paid to the court trustee. The payment of $100 for each five days was not imposed as a fine under section 1218 of the Code of Civil Procedure, nor did it purport to be an act which the court was attempting to induce petitioner to perform as authorized under the provisions of section 1219 of that code. Rather, it was a valid and permissible means of allowing petitioner to purge himself of his past contempts of the September 14 order, for which sentence was imposed by the order of June 26.

Claimed Invalidity of Marriage.

Petitioner asserts that in finding him guilty of contempt the court exceeded its jurisdiction by refusing to permit him to introduce evidence to establish that the judgment of divorce is void and that he is not the father of the older of the two children for whom he was ordered to pay support. These assertions are based on petitioner’s contention that the divorce decree purported to dissolve a void and nonexistent marriage in that, at the time of his purported marriage with plaintiff she was in fact married to one Cassady, and that that marriage had not been dissolved; and, further, that the older child was the child of that marriage— all as more particularly evidenced by the complaint of Penelope Cassady for a divorce from William Cassady, filed July 13, 1950, in superior court action number D401295, in Los Angeles County. Petitioner further alleges that he did not discover these facts until after he had defaulted in the divorce proceedings brought against him by the same Penelope.
However, the issue of the claimed invalidity of the marriage between petitioner and Penelope and of the order that petitioner support the older child (see Dimon v. Dimon (1953) 40 Cal.2d 516 [254 P.2d 528]) was not before the court in the contempt proceeding. As stated in Freeman v. Superior Court (1955) 44 Cal.2d 533, 536-537 [4, 5] [282 P.2d 857], “In a prosecution for constructive contempt the affidavit on which the proceeding is based constitutes the complaint [citations], the affidavit of defendant constitutes the answer or plea [citations], and the issues of fact are thus framed by the respective affidavits serving as pleadings. [Citations.] A hearing must be had upon these issues. [Citation.] ”
There is no contention that the divorce decree and *453 the support orders in this ease are not valid upon their face, or that the court lacked jurisdiction of the parties or of the subject matter when rendering them. The issue of their asserted invalidity was not properly before the trial court in the contempt proceedings, and is not available to petitioner here.
The orders of June 22 and of June 26, 1967, here under review, are affirmed.
Traynor, C. J., MeComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

The September 14 order, in pertinent part: “The order of February 19, 1965, is modified in the following particulars only: Defendant is ordered to make the child support payments and alimony payments through the' office of the Court Trustee, child support through Rule 28 of the Superior Court as follows: Beginning with the payments due October 1, 1966: $200 a month for the support of each child: Penelope, born January 17, 1953; and Pamela, bom May 1, 1954, a total of $400 a month child support, and to plaintiff for her support $200 a month, a total of $600 a month, payable one-half on the 1st and one-half on the 15th of each month and continue until further order of Court. . . .
“Defendant Frederick W. Lyon is present in court when the order is pronounced. ’ ’

The June 22, 1967, order reads in pertinent part: “The Court finds the defendant had knowledge of the order of September 14 . . . ; further that Defendant had the ability to pay at least $75 thereon on February 1 & 15, March 1 & 15, and April 1 & 15, 1967; that he failed to comply therewith; that his failure was wilful. Defendant is therefore adjudged guilty of contempt of Court on 6 counts. The matter of sentencing is continued to June 26, 1967 at 1:30 PM for sentencing. Defendant waives time for sentencing. Defendant is ordered to return at that time without further order notice or subpoena.
“The Defendant is further ordered to forthwith endorse the Government Tax refund Draft in the sum of $634.36. Said draft is ordered delivered to attorney Rothberg, and the latter is ordered to pay from the proceeds the amount due by the Defendant to the government for 1964 income tax; the balance if any is to be given to the Plaintiff, the same to be applied on the arrearages due Plaintiff by Defendant. The Defendant’s counsel and the Court is to be notified by Mr. Rothberg by mail of the disposition of this check within three weeks from date.’’

The June 26 order, in pertinent part: “The Defendant, having been found guilty of contempt of court on six counts on June 22, 1967, is herebye ordered to serve five days in the County Jail on each count to run consecutively. The Court further orders that this contempt may be paid [sic-purged] by the payment of $100.00 for each five days to be servecL ’ ’

Thus, in Scroggin, the court found that the party had the ability to pay a “substantial sum,” but committed him for contempt until he had paid in full the $1,200 in arrears. Holding the order void, the appellate court stated (p. 283 of 103 Cal.App.2d), “Being a relative term, it is not an exact one, and a finding of present ability to pay a ‘substantial sum’ is not a finding of the present ability ... to pay §1,200, or my other definite sum.” (Italics added.)
In Michelena, a finding of ability to comply “to a greater extent’ ’ was held insufficient, with the statement that ‘ ‘ The sole question for consideration is whether the court’s finding that petitioner ‘had the ability to comply with said order of court to a greater extent ’ is sufficiently definite to constitute a finding that petitioner had the ability to pay any or all of the delinquent monthly payments aggregati/ng §10,320.” (Italics added; p. 378 of 150 Cal.App.2d.)
In Spollino a commitment based on a finding of “partial ability to pay” was held void, in reliance on Seroggin and Michelena. (P. 784 of 208 Cal.App.2d.) . _ ,