[Civ. No. 53293. Second Dist., Div. Three. Oct. 25, 1978.]

In re Establishment of CARSON BULLETIN as a Newspaper of General Circulation.
O. RAY WATKINS, Petitioner and Appellant, v.
CITY OF CARSON, Contestant and Respondent.

COUNSEL

Thomas G. Patterson for Petitioner and Appellant.

Richards, Watson, Dreyfuss & Gershon, Mitchell E. Abbott and Rochelle Browne for Contestant and Respondent.

OPINION

**POTTER, J.**—This is an appeal by O. Ray Watkins (hereinafter appellant), publisher of the Carson Bulletin, from a judgment of the superior court vacating a prior judgment adjudicating the Bulletin a newspaper of general circulation in and for the City of Carson.

In September 1976, appellant filed a verified petition pursuant to Government Code[1] section 6026, seeking a "judgment and Decree ascertaining and establishing the newspaper as a newspaper of general circulation as defined in said Section 6008, in and for the City of Carson . . . ." In October, the petition was granted following an uncontested ex parte proceeding. The judgment recited that the court found: "[T]hat THE CARSON BULLETIN is a newspaper published for the dissemination of local and telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers and has been 'established' and 'published,' as such terms are defined in said Section 6008 of the Government Code, at regular weekly intervals in the City of Carson . . . for at least three years preceding the date of the filing of this petition . . . ."

The petition alleged that the newspaper "has a substantial distribution to paid subscribers" in Carson (without setting forth the number of subscribers). But the court made no finding in its decree with respect to this statutory requirement that a newspaper of general circulation have a substantial distribution to paid subscribers in the city. (§ 6008, subd. (b).)

On July 19, 1977, respondent City of Carson filed a motion to vacate the judgment and order declaring the newspaper to be one of general circulation (§ 6024) on the ground that the Bulletin did not have a substantial distribution to paid subscribers as required by section 6008.

---

[1]Unless otherwise indicated, all statutory references are to the Government Code.

Points and authorites, and declarations in support of and in opposition to the motion to vacate were filed. The undisputed facts revealed that: (1) the Bulletin is a weekly newspaper, published in Carson but printed in Van Nuys; (2) the City of Carson has a population of approximately 79,000; and (3) although approximately 15,000 copies are distributed free of charge to homes within that city, the Bulletin had only 12 paid subscribers as of 1977.

On July 29, 1977, the court granted respondent's motion to vacate and set aside the previous judgment and order declaring the Bulletin to be a newspaper of general circulation for the City of Carson. The court further ordered that "[a]ny action in the future taken by [appellant] to have the newspaper declared to be one of general circulation shall proceed only after notice to the City of Carson."

This appeal followed.

### Contentions

Appellant contends that (1) the order declaring the Bulletin to be a newspaper of general circulation could not be vacated because respondent failed to show "subsequent substantial deviation" from prior conditions existing at the time of the original order; (2) the requirement that newspapers have a "substantial distribution to paid subscribers" is unconstitutionally vague and ambiguous, requiring a "mere personal judgment" in violation of due process of law; and (3) the court erred in requiring appellant to give notice to attorneys for the City of Carson prior to taking any action in the future to have the Bulletin declared to be a newspaper of general circulation.

Respondent contends that (1) the court was required to vacate the decree because the Bulletin does not qualify under sections 6000 or 6008; (2) the requirement of "substantial distribution to paid subscribers" is not unconstitutionally vague and has not been fulfilled by the Bulletin; and (3) the additional notice requirement was within the court's inherent powers.

### Discussion

*Summary*

■ The court properly granted the motion to vacate the judgment declaring the Bulletin a newspaper of general circulation for the City of

Carson because the newspaper fails to meet either the statutory requirement of section 6000 that it be printed in the city, or the statutory requirement of section 6008 that it have a substantial distribution to paid subscribers in the city. The prior judgment did not preclude the granting of this motion to vacate. Moreover, appellant cannot prevail by challenging the constitutionality of section 6008, subdivision (b), since, if the section is void for vagueness, he cannot rely upon it to qualify the Bulletin as a newspaper of general circulation. In any event, the term "substantial distribution" is reasonably certain and requires more than 12 paid subscribers out of a population of 79,000.

 The part of the judgment requiring notice to the City before any renewed attempt to have the Bulletin adjudicated a newspaper of general circulation must, however, be deleted since the Legislature has determined that notice by publication is sufficient.

*The Order of Adjudication*
*Was Properly Reconsidered*

 The court properly granted the motion to vacate. Section 6024 provides that a judgment declaring that a newspaper is one of general circulation "may be vacated . . . or set aside by the court . . . on the motion of any person . . . upon: . . . (c) A satisfactory showing made to the court that the newspaper has ceased to be a newspaper of general circulation."

This court has previously held that, notwithstanding the use of the word "may" in section 6024, the prior judgment must be vacated where it is shown that the newspaper no longer qualifies as one of general circulation. (*In re Covina Argus-Citizen* (1960) 177 Cal.App.2d 315, 318-319 [1 Cal.Rptr. 184].)

Appellant, however, claims that the court improperly granted the motion to vacate because the City failed to show "subsequent substantial deviation" (or material change) from conditions existing when the original order of adjudication was made. Appellant's reliance on *In re Hancock* (1949) 92 Cal.App.2d 481 [207 P.2d 61], for this proposition is misplaced. In *Hancock,* the court explained (*id.,* at pp. 485-486): "The general rule as to the nature of this proceeding and the burden of proof is clearly set forth in *In re Simpson* [(1923) 62 Cal.App. 549 (217 P. 789)], *supra,* and 19 California Jurisprudence, page 1079, section 14, i.e., that *after a judgment determining the character of a newspaper becomes final, the matters passed*

*upon and which appear upon the face of the judgment are not open to inquiry in an action to vacate it. A petitioner can succeed only upon proof supporting an issue not determined in the original action,* and, particularly, it must be shown that the newspaper has 'ceased' to be one of general circulation. The statute permits the entire subject to be reopened upon condition, however, that the ultimate facts are shown to have materially changed subsequent to the original order having been made." (Italics added.)

Here, appellant originally petitioned the court to determine the status of the newspaper pursuant to section 6008 requiring substantial distribution to paid subscribers.[2] The face of the October 1976 judgment adjudicating the Bulletin as a newspaper of general circulation for the City of Carson, however, shows that no finding was ever made on whether there was substantial distribution to paid subscribers. Thus, the issue was open to inquiry in an action to vacate the adjudicated status.

Moreover, in *In re Norwalk Call* (1960) 183 Cal.App.2d 597 [6 Cal. Rptr. 864], this court specifically rejected the contention that a court could not grant a motion to vacate the adjudicated status unless a change had been shown since the former judgment. In *Norwalk* (which was decided before the enactment of section 6008 when a newspaper could qualify only in a jurisdiction in which it was both printed and published pursuant to section 6000), we explained why appellant's theory "cannot prevail" (183 Cal.App.2d at pp. 598-599):

"The effect of the former judgment was to conclusively establish the existence of facts which qualified the Call as a newspaper for the city of Norwalk. An essential fact was that it was printed in Norwalk. However erroneous the judgment was in that respect its necessary implications cannot be questioned. There has been a change from the conditions that were established by the judgment. The testimony upon which appellants rely can mean only that the former judgment was erroneous. But the testimony is incompetent for that purpose. Even if competent it would prove only that at the time of the former judgment the paper was printed in Los Angeles, which would defeat the claims of appellants.

---

[2]Appellant did not ever claim, nor could he claim, that he could qualify under the alternative section 6000 since that section requires that a newspaper be printed in the city in which it seeks adjudication. The undisputed facts show that the Bulletin is not printed in Carson.

". . . The court having found upon sufficient evidence that the impressing of type on paper was all done outside the city of Norwalk, there was no alternative to the judgment that was rendered."

Similarly here, there was no alternative to the judgment of vacating the adjudicated status since the undisputed facts showed no substantial circulation to paid subscribers. A newspaper which does not meet statutory requirements "has ceased to be a newspaper of general circulation" within the meaning of section 6024.

### Appellant Cannot Prevail by Challenging the Constitutionality of Section 6008

Appellant's constitutional attack on the requirement of substantial distribution to paid subscribers must also fail.

Appellant originally filed his petition for adjudicated status in 1976, pursuant to section 6008. That section was enacted in 1974 to establish "alternative criteria [to those in section 6000] for qualification as a 'newspaper of general circulation' for purposes of law relating to publication of official advertising." (Leg. Counsel's Dig. of Sen. Bill No. 1583 (1973-1974 Reg. Sess.).) Appellant could not qualify under the original statute, section 6000, since the Bulletin is not printed in Carson. Thus, appellant relies on section 6008 in order to qualify the Bulletin as a newspaper of general circulation. Yet, at the same time, appellant claims that an essential requirement of that statute is unconstitutional. As a general rule, "one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens." (16 Am.Jur.2d (1964) Constitutional Law, § 135, p. 331.) More particularly, if the requirement of "substantial distribution to paid subscribers" is unconstitutionally vague, all of section 6008 is invalid and the Bulletin cannot qualify as a newspaper of general circulation, since it does not qualify under section 6000 which requires printing in the same city.

In *In re Devlin & Judah Co.* (1910) 12 Cal.App. 403 [107 P. 583], the court rejected a constitutional attack on an essential part of the predecessor of section 6000 (then Pol. Code, § 4460) where, as here, the only way the newspaper could possibly qualify as a newspaper of general circulation was under the challenged section. The Santa Cruz Evening News, which sought to be adjudicated a newspaper of general circulation, had not been established for the period of one year, one of the

requirements of Political Code section 4460. The News contended that that one-year requirement was unconstitutional. The court in *Devlin,* however, stated (12 Cal.App. at pp. 405-406):

"The provision of the section assailed is an essential and inseparable part of the definition. . . . We cannot assume that the legislature would have enacted any portion of this section defining a newspaper of general circulation without the qualifying clause requiring it to be published at regular intervals for a period of one year. If the requirement for the publication during one year is invalid and of no effect, then section 4460 fails to define such a newspaper.

". . . No right can exist to have established by decree of court that a newspaper is one of general circulation, as that term is defined by section 4460, if that part of the section defining such a paper is invalid.

". . . If it is invalid, the section as a matter of law contains no definition of a newspaper of general circulation, and there is no foundation for the petition."

Here, as in *Devlin,* we cannot assume that the Legislature would have enacted any portion of this section defining a newspaper of general circulation without the challenged requirement. The statutory scheme of two alternative sets of criteria for qualification (§§ 6000 and 6008) and the legislative history of section 6008 show that that requirement is an "essential and inseparable" part of section 6008.

Instead of requiring that the newspaper be printed in the city as section 6000 does, section 6008 substitutes other requirements, including the one here relevant, of a "substantial distribution to paid subscribers in the city . . . in which it is seeking adjudication" (§ 6008, subd. (b)). Moreover, when the bill was introduced on January 17, 1974, it required only that a newspaper have "a substantial distribution in the area in which it is sold or distributed." (Sen. Bill No. 1583 (1973-1974 Reg. Sess.) § 1, subd. (b).) The Senate, on March 19, however, specifically amended that subsection of the bill to require that a newspaper have "a substantial distribution *to paid subscribers* in the area in which it is seeking adjudication."[3] The Legislature, therefore, obviously intended that if a newspaper was not printed in the jurisdiction, it must have a substantial

---

[3]A later amendment by the Assembly further qualified this to list the specific jurisdictions, such as the city in which it is seeking adjudication. (Assem. Amend. to Sen. Bill No. 1583 (1973-1974 Reg. Sess.) Apr. 29,1974.)

distribution to paid subscribers in that particular jurisdiction.[4] Thus, if the latter requirement is void for vagueness, the whole section is void, and appellant cannot be qualified thereunder.

*The Requirement of "Substantial*
*Distribution to Paid Subscribers"*
*Is Not Unconstitutionally Vague*

Even if the constitutional challenge were available to appellant, it lacks merit. In *County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662 [114 Cal.Rptr. 345, 522 P.2d 1345], our Supreme Court upheld the validity of a standard of substantiality in relation to the 1973 Governmental Conflict of Interests Act (§ 3600 et seq.) against a charge of unconstitutional vagueness. The court explained (11 Cal.3d at pp. 672-673):

"It is undeniable that the terms 'substantial conflict' and 'material economic effect' are relative terms subject to some interpretation, and that reasonable men may differ with respect to the meaning of those terms.

"Yet we think that the foregoing provisions are not so uncertain and indefinite as to render the act void on its face. Statutes such as the one before us must be given a reasonable and practical construction in accordance with the probable intent of the Legislature. (See *City of Santa Clara* v. *Von Raesfeld,* 3 Cal.3d 239, 248 [90 Cal.Rptr. 8, 474 P.2d 976]; *Kesler* v. *Department of Motor Vehicles,* 1 Cal.3d 74, 77 [81 Cal.Rptr. 348, 459 P.2d 900]; *County of Alameda* v. *Kuchel,* 32 Cal.2d 193, 199 [195 P.2d 17].) ' " 'Reasonable certainty is all that is required. A statute will not be held void for uncertainty if any reasonable and practical construction can be given its language.' . . . It will be upheld if its terms may be made reasonably certain by reference to other definable sources." ' (*People* v. *Victor,* 62 Cal.2d 280, 300 [42 Cal.Rptr. 199, 398 P.2d 391]; see *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701].)

"In *People* v. *Victor, supra,* 62 Cal.2d 280, 299, we noted that 'Admittedly the word ["imminent"] is to some extent a relative one; but

---

[4] This requirement is entirely independent of and separate from the requirement in subdivision (a) of section 6008 that the newspaper must have a bona fide subscription list of paying subscribers which was added to the Senate Bill on March 4, 1974, and which also appears in identical form in section 6000.

"the law is full of instances where a man's fate depends on his estimating rightly, that is, as a jury subsequently estimates it, some matter of degree." [Citation.]' Subsequently, in *People* v. *Daniels,* 71 Cal.2d 1119, 1128-1129 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677], we explained that 'The law is replete with instances in which a person must, at his peril, govern his conduct by such nonmathematical standards as "reasonable," "prudent," "necessary and proper," *"substantial,"* and the like. Indeed, a wide spectrum of human activities is regulated by such terms . . . [giving examples]. Yet standards of this kind are not impermissively vague, provided their meaning can be objectively ascertained by reference to common experiences of mankind.' (Italics added.)"

The term "substantial" in the context of distribution to paid subscribers may be made reasonably certain by reference to other definable sources. The unabridged version of the Random House Dictionary of the English Language (1966) page 1418, gives as its first and primary definition of "substantial" that it is something "of ample or considerable amount, quantity, size, etc." Similarly, in common legal usage, the term "substantial" has been defined as " 'important' or 'material' " *(George F. Kennedy, Inc.* v. *Miles & Sons Constr. Division* (1970) 5 Cal.App.3d 516, 520 [85 Cal.Rptr. 298]) and "considerable amount or value in opposition to that which is inconsequential or small" *(Fuhrman* v. *American Nat. B. & L. Assn.* (1932) 126 Cal.App. 202, 211 [14 P.2d 601]; see also *Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54]; *In re Scroggin* (1951) 103 Cal.App.2d 281, 283 [229 P.2d 489]).

We recognize that the phrase "substantial distribution to paid subscribers" is a relative phrase. It is, however, apparent that a paid distribution to 12 persons in a city of 79,000 persons, less than two-hundredths of 1 percent (0.02 percent) of the local population, could not be deemed "substantial" under the foregoing definitions in view of the purpose of the law to limit publication of official notices to newspapers meeting certain standards in order "to assure that the published material will come to the attention of a substantial number of persons in the area affected" *(In re Norwalk Call* (1964) 62 Cal.2d 185, 190 [41 Cal.Rptr. 666, 397 P.2d 426]).[5]

---

[5]Appellant does not contend that the requirement of "substantial distribution to paid subscribers" is unreasonable. Nor could such a claim prevail. In light of the purpose of the law, the Legislature could rationally decide that people would be more likely to read notices printed in a newspaper they had purchased than a "throwaway" newspaper tossed on their front lawns without either their request or consent.

*Notice by Publication Is Sufficient*

 The court, however, erred in requiring that in any future action by appellant to have the Bulletin declared to be a newspaper of general circulation he could proceed only "after notice to the City of Carson." The Legislature has specifically set forth the notice requirements for filing such a petition in section 6021. That section provides that the petitioning newspaper must give notice by publication in its own newspaper and another newspaper of general circulation.[6]

Section 6022 provides that upon proof of the publication of the petition and notice, the court *shall* set the petition for hearing. The Legislature has thus clearly declared its intent that a newspaper need not personally notify the city in which it seeks to qualify and that publication in those two specifically cited sources is sufficient. The court, therefore, exceeded its powers in imposing an additional burden on this one newspaper beyond the notice requirements authorized by statute.

The judgment is modified to delete the requirement of special notice to the City of Carson. As modified, the judgment is affirmed.

Cobey, Acting P. J., and Allport, J., concurred.

---

[6]Section 6021 reads as follows:

"The petition or the substance thereof, together with a notice that the petitioner intends on a named day to apply for an order declaring it to be a newspaper of general circulation, shall be published pursuant to Section 6062 [for 10 days]:

"(a) In the petitioning newspaper, and

"(b) In some other newspaper of general circulation published in the same city as the petitioning newspaper if there is one, and if there is none, or if publication in such newspaper is refused, then in some other newspaper of general circulation published in the same county, if there is one, and if there is none, or if publication in such newspaper is refused, then, in lieu thereof, in some other newspaper of general circulation published in an adjacent county or in such other newspaper as the court shall direct."